## Winter v. Federal Street & Pleasant Valley Passenger Ry., Appellant.

*Contributory negligence—Electric railway—Stopping horses on track.*

The substitution of the electric and cable car for the horse car renders impracticable and dangerous certain uses of the streets which were once permissible and comparatively safe, and it is the duty of property owners on streets occupied by electric and cable railways, and of persons crossing or driving upon such streets, to recognize and conform to the changed condition.

A driver, who, in unloading a safe, unnecessarily places his horses squarely across the track of an electric railway on a dark night at a point where there is a descending grade, is guilty of contributory negligence, and if his horses are injured by a passing car, he cannot recover from the railway company.

Argued Nov. 1, 1892. Appeal, No. 125, Oct. T., 1892, by defendant, from judgment of C. P. No. 2, Allegheny Co., July T., 1891, No. 207, on verdict for plaintiff, Robert Winter. Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Trespass for injuries to horses.

At the trial, before WHITE, J., it appeared that, on April 1, 1891, plaintiff was engaged in moving the effects of a Mr. Hershberger to a house on Jackson street in Allegheny city.   He had moved everything but a safe during the day.   In the evening about eight o'clock, when it was dark, he had the safe on his wagon and made two ineffectual attempts to adjust his wagon to unload, but both times was prevented by passing cars.   He then placed his horses squarely across defendant's electric railway tracks in full view, so, as he testified, " they will be sure to see it before they get into it."   Plaintiff claimed that in this position the horses were struck and injured.   Other facts appear by the opinion of the Supreme Court.

Defendant's request for binding instruction was refused. [1]

Verdict and judgment for plaintiff, $282.   Defendant appealed.

*Error assigned* was instruction, quoting it.

*W. P. Potter*, *Wm. A. Stone* with him, for appellant.

*John R. Harbison*, *Clarence Burleigh* with him, for appellee.

OPINION BY MR. JUSTICE MCCOLLUM, January 30, 1893:

It was obviously unnecessary for the appellee to drive upon and occupy the railway tracks, as he did, for the purpose of unloading the safe.   It was twelve feet and two inches from the curb to the nearest rail, and it sufficiently appears from the evidence produced by him that it was practicable to remove the safe from the wagon to the store without encroaching upon the railway in any manner.   It may be conceded, as this evidence shows, that it was easier to make the transfer from the rear end than from the side of the wagon.   But it is clear that he needlessly obstructed the tracks in a fit of impatience, if not of anger, caused by the interruptions to which he had been subjected in his work by the passage of the cars, and in the expectation of saving thereby a little labor or a trifling expense in unloading.   In this spirit and for this purpose he drove his horses directly across the track, so that their hind feet were on or near to one rail and their fore feet were on or near to the other, and declared in substance that in this position they could be seen by the men in charge of an approaching car in time to prevent a collision.   Having thus obstructed the

track, and relying on the obstruction as sufficient and timely notice to the company that he was in possession of it, he proceeded to unload the safe, but before he succeeded in removing it from the wagon he evidently realized that his position was insecure, because he requested his employer to look out for and stop the cars, and received from the latter an assurance that he would do so. It is essential to a correct appreciation of this position to bear in mind that it was taken near eight o'clock on a dark night in April; that the obstruction was directly across the tracks of a railway on which the cars were driven by electricity, and at a point where they ran on a descending grade. In the presence of these conditions, well known to the appellee, and in the absence of adequate cause therefor, his action in obstructing the appellant's road was negligent and reckless. It was not only an unjustifiable interference with public travel and an inexcusable exposure of his own and the company's property to injury and perhaps destruction, but it imperiled the limbs and lives of the company's employees and passengers. If his horses were injured while in the position described by him, he is without just claim to compensation for the injury, because it was the direct result of his own negligence. Now that rapid transit is recognized and demanded as essential to the prosperity of and the transaction of business in our large cities, the use of the streets for individual convenience is necessarily qualified so as to make such transit possible and to minimize its dangers. The substitution of cable and electric cars for the horse car and the omnibus is a change which renders impracticable and dangerous certain uses of the streets which were once permissible and comparatively safe. It introduces new conditions, the nonobservance of which constitutes negligence. It is the duty of property owners on streets occupied by cable and electric lines of railway, and of persons crossing or driving upon such streets, to recognize and conform to these conditions. The risk of a crossing or possession of the tracks of a railway operated by horse power is not to be compared with the peril involved in a crossing or occupancy of the tracks of a steam, cable, or electric railway. The conditions are notably unlike in the size, weight and speed of the cars, and in the power by which they are moved.

It is not clear from the evidence in the case that the appellee

gave proper notice to the company of the presence of his horses on its road, that the company was in any default in respect to the discovery of the obstruction and the subsequent control of its cars, or that the horses died in September from any injuries received on the railroad in April. But we need not discuss these matters now, as we are of opinion that the appellee's contributory negligence called for an affirmance of the appellant's point and is a sufficient answer to his claim. The specification of error is sustained.

Judgment reversed.