206    356
25 SC ¹448

## Holt, Appellant, *v.* Pennsylvania Railroad Company.

*Negligence—Railroads—Tracks in street.*

Where the tracks of a steam railroad are laid in a public street, the driver of a wagon lawfully using the track in front of an approaching train, while it is his duty to give way and not obstruct its progress, is entitled to reasonable warning and reasonable time to get out of the way. The employees of the railroad are bound to keep the train under control and have no right to run into the traveler either upon the track or while in the act of leaving it. They are bound to use every reasonable effort to avoid a collision.

In an action against a railroad company to recover damages for personal injuries, it appeared that the railroad company occupied a portion of the street with a track laid in the same manner as street car tracks, and paved in with Belgian blocks. There were two street car tracks also on the street. The whole street was used by the public. The plaintiff while driving a heavily loaded wagon was forced by reason of street cars on the trolley tracks and wagons on one side of the street to turn his wagon, so as to drive for a distance of about 140 feet with one wheel of his wagon between the rails of the railroad track. He drove in this way about four minutes, and was beginning to turn back towards the trolley track, when his wagon was struck in the rear by a locomotive. *Held*, that the question of plaintiff's contributory negligence and defendant's negligence was for the jury.

Argued March 23, 1903.    Appeal, No. 332, Jan. T., 1902, by plaintiff, from order of C. P. No. 5, Phila. Co., March T., 1901, No. 119, refusing to take off nonsuit in case of Thomas E. Holt v. Pennsylvania Railroad Company. Before MITCHELL, FELL, BROWN, MESTREZAT and POTTER, JJ. Reversed.

Trespass to recover damages for personal injuries. Before DAVIS, J.

The facts are stated in the opinion of the Supreme Court.

*Error assigned* was refusal to take off nonsuit.

*William G. Keir,* for appellant.—The many cases in Pennsylvania holding it contributory negligence for persons to pass along tracks longitudinally of railroad or trolley companies are invariably those of pedestrians, and there are no rulings whatsoever as to persons with horses and wagons. These foot passers in trolley car cases were walking on the tracks longitudinally in the street between curb lines, where they had no right to be. Their duty was to pass along bordering pavements.

The plaintiff in this case was in a wagon and his proper place was on the street. The entire street from curb to curb is the place of passage, and the territory of drivers and their teams subject no doubt to the paramount right of the trolley cars and freight trains when they give notice of their presence on the track behind. In Pennsylvania there are no reported cases strictly analogous to this. There are several, however, in which railroads had been constructed on the beds of public streets, but in these cases the evidence shows they had lost all their identity as public thoroughfares and became completely " railroad highways " with no paving in connection with the railroad tracks. But indeed in these cases the trend of thought is clearly indicated as to the regard and consideration for the rights of the public on railroad tracks when they are laid in cities on ground that has even the slightest appearance of a public thoroughfare : P. & R. R. Co. v. Long, 75 Pa. 257 ; Penna. R. R. Co. v. Lewis, 79 Pa. 33.

When we turn to other states, however, we find many cases identical with this one, and they all very forcibly hold, without a single exception, that where railroad tracks are laid upon a public street there remains in the public a right of " common user " with the railroad company, and citizens may pass across them and lengthwise, and not be considered trespassers or guilty of contributory negligence : Louisville, etc., R. R. Co. v. Phillips, 112 Ind. 59 (13 N. E. Repr. 132) ; Smedis v. Brooklyn, etc., R. R. Co., 88 N. Y. 13 ; Hegan v. Eighth Avenue R. R. Co., 15 N. Y. 380 ; Kansas Pac. Ry. Co. v. Pointer, 9 Kansas, 620.

*John Hampton Barnes* and *George Tucker Bispham,* for ap-

pellee.—It is submitted that plaintiff was guilty of contributory negligence in three particulars :

1. In turning into the track without looking back immediately before he turned.

2. In not looking back after getting his wagon wheel over the rail of the railroad ; and

3. In not turning to the left, into the open space of the paved street, where there was ample room to drive : Mulherrin v. Del., etc., R. R. Co., 81 Pa. 366 ; Pittsburg, etc., R. R. Co. v. Collins, 87 Pa. 405 ; Moore v. Penna. R. R. Co., 99 Pa. 301 ; Moore v. P. W. & B. R. R. Co., 108 Pa. 349 ; Loughrey v. Penna. R. R. Co., 201 Pa. 297 ; Gilmartin v. Transit Co., 186 Pa. 193 ; Smith v. Traction Co., 187 Pa. 110 ; Penman v. Ry. Co., 201 Pa. 247.

There was no sufficient evidence of negligence upon the part of the defendant. There was no evidence of improper speed : Yingst v. Railway Co., 167 Pa. 438 ; Kline v. Traction Co., 181 Pa. 276 ; Smith v. Railway Co., 187 Pa. 451 ; Custer v. R. R. Co., 19 Pa. Superior Ct. 365.

Opinion by Mr. Justice Potter, May 25, 1903 :

It appears from the evidence in this case that, upon a portion of Richmond street in Philadelphia, two tracks for a street railway, and one track for a steam railroad, are laid. The street railway tracks are in the center, and the railroad track is at one side. All the tracks are so laid with respect to the paving as not to impede the use of the street by vehicles and the general public.

The railroad track is used for the movement of freight trains only. The plaintiff was familiar with the locality, having driven over it frequently. Upon the afternoon of January 9, 1901, he was driving a horse and wagon, loaded with iron, going north upon the easterly track of the trolley road. When near Huntingdon street, a trolley car behind him rang its bell for him to clear its track. A south-bound trolley car was approaching him upon the other trolley track, and several wagons were in the space between the trolley tracks and the west side of the street. He therefore turned to the right, and over upon that portion of the street, where the railroad track of the defendant company was laid. He continued to drive along the street,

with one wheel of his wagon between the rails of the railroad track, until the trolley cars behind him had passed. In this way he consumed about four minutes of time, and traveled about 140 feet. He was beginning to turn again to the left, in order to get back into the trolley track, as the way was then open for him to do, when his wagon was struck in the rear by a locomotive engine of the defendant company. The shock was not very severe, but it was sufficient to drive an iron shaft which lay in the wagon with considerable force against the plaintiff's back. To recover for resulting injuries this action was brought.

Upon the trial, the learned judge of the court below was of the opinion that the plaintiff was guilty of contributory negligence in driving upon the part of the street where the railroad track was laid, and in continuing there until his wagon was struck in the rear by the approaching engine. He therefore entered judgment of compulsory nonsuit, and his subsequent refusal to take it off is here assigned as error.

This is not a case of one turning into the track in front of an approaching train, and being immediately struck. If it were, the court below would unquestionably have been right in pronouncing it contributory negligence.

The plaintiff was occupying the portion of the street included between the rails for several moments before the accident, and was driving slowly along, and was in the act of turning back into the trolley track when his wagon was struck by the engine. The case was tried in the court below, evidently upon the theory that the rights of the defendant to the use of the railroad track at the place of the accident were precisely the same as, and no less than, they are where laid upon its own right of way, purchased or condemned by it, and appropriated to its exclusive use.

If the place in question was the exclusive roadway of the company, in which the public had no right of passage, then the defendant would not be liable to one who drove upon it, unless the injury were wilfully or intentionally inflicted.

But if it was a street which the public had a right to use, then, even if it were occupied in part by the track of the railroad, no one driving upon it, and making such use of the

street as it is ordinarily and manifestly intended for, could be considered as a trespasser. It is true that such a one might be guilty of contributory negligence, in the manner in which he made use of the street, and drove upon the track, but he could not from the mere fact of being upon the track as laid in the street, be considered a trespasser, and held to forfeit his right to exact from the railroad company a reasonable degree of care in the running of its trains.

In the present case, it is admitted that the accident occurred upon a public street, and nothing appears in the evidence to show that the defendant company had anything more than a right to lay down a railroad track therein, and run cars thereon. The track was not raised above the level of the street, but was laid in the same manner as the street car tracks, and was paved in with Belgian blocks. All this indicated that the street retained its character as a public highway, for the use of all kinds of vehicles. Under these circumstances it could not be considered negligence, in itself, for a citizen to drive over or along the track.

At this particular point, the street was occupied with two tracks of a street railway, and one track of a steam railroad; and it is not apparent that the rights of the latter to the use of the street differed in any degree from those of the street railway. In fact, the argument of the appellee is in part directed to the application to this case, of the decisions in street railway cases upon contributory negligence. And if the facts justified their application here, such authorities would certainly be appropriate and controlling. But in none of the cases cited, do we find sufficient similarity in the facts, to those now under consideration, to make them available to sustain the action of the court below. In Winter v. Federal St., etc., Pass. Railway Co., 153 Pa. 26, the doctrine was carried to the extreme, but there the plaintiff turned his wagon squarely across the track, and left it there while he was unloading; and depended upon the defendant company to avoid a collision, by stopping its car in time, while approaching upon a down grade. In Gilmore v. Federal St., etc., Pass. Railway Co., 153 Pa. 31, there was like gross negligence upon the part of the plaintiff. The cases of Gilmartin v. Lackawanna Valley Transit Co., 186 Pa. 193, and Penman v. McKeesport, etc., Railway Co., 201 Pa.

247, were those in which the plaintiffs were struck while walking at night, longitudinally on the tracks. There is a manifest difference in the rule which should properly be applied to pedestrians who make an unfitting use of the street way in converting it into a footway, and that which is appropriate to drivers of teams who have a right to use with due care, any portion of a public driveway. Each has its appropriate purpose, the street for the use of the horse and vehicle, the sidewalk for the pedestrian. When either is found in the place set apart for the other, it is manifestly out of the ordinary. In the present case, the plaintiff was making a proper and legitimate use of the street. The conditions under which the railroad company laid and used its tracks at that point, made it incumbent upon it to operate its trains with due regard to the safety of other people who were also rightfully using the street, at the same time.

The testimony shows that when it became necessary for the plaintiff to turn out of the trolley track, and to pass over to the railroad track, he did not drive immediately in front of the approaching train. On the contrary he drove steadily along the street for a distance of perhaps 140 feet; occupying, as was estimated, about four minutes of time before his wagon was reached and struck by the engine. The latter in the same time had run only about 340 feet, so that it is difficult to see why the engine running so very slowly might not have been stopped before striking the wagon of the plaintiff. However that was a matter of defense which might have been satisfactorily explained to the jury. But it was for them rather than for the court. If the plaintiff was lawfully using the track in front of the approaching train, while it was his duty to give way to it, and not obstruct its progress, yet he was entitled to reasonable warning and reasonable time to get out of the way. The employees of the railroad were bound to keep the train under proper control, and they had no right to run into plaintiff either upon the track, or while in the act of leaving it. They were bound to use every reasonable effort to avoid a collision. Whether or not they did so, was a question of fact, and this, as well as the question of any contributory negligence upon the part of the plaintiff should, under proper instructions, have been left to the jury. It was certainly not so clear

as to justify the court in pronouncing upon it as a matter of law.

The assignments of error are sustained, and the judgment is reversed, and a venire facias de novo is awarded.