# Bechtel *v.* Mahanoy City Borough, Appellant.

*Negligence—Boroughs—Obstruction of street—Fright of horse—Contributory
negligence.*

Where a borough permits an amusement company to erect a Ferris
wheel, flying horses, and numerous tents in a street of the borough in such
a way as to leave only a narrow way for the passage of wagons, the borough
is guilty of gross negligence; but no recovery can be had against it for the
death of a horse, where it appears that the horse was deliberately driven
through the narrow passage amidst all the paraphernalia of the show.

when another and a safer way was at hand.    In such a case the contributory
negligence of the owner prevents recovery.

Argued Dec. 6, 1905.    Appeal, No. 151, Oct. T., 1905, by
defendant, from judgment of C. P. Schuylkill Co., Sept. T.,
1903, No. 264, on verdict for plaintiff in case of H. T. Bechtel
v. The Borough of Mahanoy City.    Before RICE, P. J., BEA-
VER, PORTER, MORRISON and HENDERSON, JJ.    Reversed.

Trespass to recover damages for the death of a horse.
Before SHAY, J.

The facts are stated in the opinion of the Superior Court.

The court refused binding instructions for defendant.

Verdict and judgment for plaintiff for $200.    Defendant
appealed.

*Error assigned* was in refusing binding instructions for de-
fendant.

*T. H. B. Lyon*, for appellant.—One who undertakes to use
a public road, knowing that it is unsafe and knowing the de-
fects which made it so, but not choosing to avoid them, although
he could do so by taking another road, cannot recover for an
injury resulting from such defects: Hill v. Tionesta Town-
ship, 146 Pa. 11 ; Forks Twp. v. King, 84 Pa. 230 ; Winner
v. Oakland Twp., 158 Pa. 405 ; Haven v. Bridge Co., 151 Pa.
620 ; Smith v. City of New Castle, 178 Pa. 298 ; Erie v. Ma-
gill, 101 Pa. 616 ; Boyle v. Borough of Mahanoy City, 187
Pa. 1 ; Delaware, L. & W. R. R. Co. v. Cadow, 120 Pa. 559.

*Edgar W. Bechtel*, with him *James W. Ryan*, for appellee,
cited : Wellman v. Borough of Susquehanna Depot, 167 Pa.
239 ; Mellor v. Bridgeport Boro., 191 Pa. 562 ; Miller v. Elec-
tric Light, etc., Co., 212 Pa. 593 ; Stanton v. Traction Co.,
11 Pa. Superior Ct. 180.

OPINION BY MORRISON, J., January 13, 1906:

This is an appeal from a judgment in trespass founded on
negligence of the defendant.

In the month of June, 1903, the Columbus Carnival Com-
pany, without objection on the part of the borough authorities,

set up on Main and Centre streets in the defendant borough, a Ferris wheel, flying horses and numerous tents and booths for show purposes. These streets are each eighty feet in width and run at right angles to each other. A passageway for teams and vehicles, ten or twelve feet wide, was left open and the residue of the streets at this point was occupied by the tents, booths, etc.

The plaintiff was a wholesale dealer having his place of business on Centre street about two squares, or 500 feet, below the location of the carnival company's show. The most of the tents were up and ready for business on Monday, but some were in course of construction on Tuesday, the day of the accident. The accident was caused by the plaintiff's driver attempting to drive his horse through this narrow passageway, and the theory of the plaintiff is that the horse became frightened and shied, and fell and broke its leg and had to be killed.

There can be no question about the negligence of the borough officers in permitting the obstruction and use of the streets in the manner indicated by the uncontradicted evidence. The case furnishes a striking example of the utter disregard of their duties to the public by the officials of the defendant borough. The negligence is so palpable that the learned counsel for the defendant conceded it and placed upon the record an admission, in the broadest terms, that the defendant was guilty of negligence, and that the plaintiff was relieved from proving or arguing that question. There is no exception taken to the instruction of the court as to the measure of damages, and this leaves the single question of the contributory negligence of the plaintiff for consideration.

The uncontradicted evidence shows that the plaintiff and his driver had full knowledge of the obstructions in the streets, and that with this knowledge an attempt was made to drive the horse through the narrow passageway left in the street and among the paraphernalia of the carnival show. The uncontradicted evidence also shows that there was no necessity whatever of driving the horse through this street, in the transaction of the business the driver was engaged in; that there was another route which he might have taken, with but slight inconvenience, as it would only have required a few hundred feet more travel than the passage through this dangerously ob-

structed street. The driver testified that he was not warned
by the plaintiff not to drive through this street, yet the plain-
tiff admitted that he knew all about the condition of the street
at the place of the accident.

Plaintiff testified as follows: " Q. Did the erection of those
tents as they were there on Tuesday morning of the accident,
render that street unsafe and dangerous? A. Yes, I think
so; I should think so. Q. It would be dangerous and un-
safe to drive it with the ordinary horse? A. Well, yes,
I should think so." Plaintiff also testified: " Q. Was your
horse a gentle horse? A. He was—never ran away that I
know of—never had any trouble with him. Q. Did you
ever know him to shy at anything? A. Not more than
the ordinary horse would. I have driven him past cars."

In the circumstances disclosed by the evidence, the plaintiff
stands in precisely the same situation as if he had been driving
his own horse. He knew all about the condition of the streets;
the place of the accident was only a few hundred feet from his
place of business. The horse was driven by his servant and
agent; the driver also saw the obstruction and knew of the
other route which would have avoided this dangerous place.
The danger was apparent and notorious; the plaintiff knew it
was a dangerous place to drive an ordinary horse and he so
testified without qualification. It is a notorious fact, known
to all drivers of average sense, that such constructions and
erections, as were in the streets in question, would frighten
ordinary roadworthy horses. That the horse was driven into
a known dangerous place, without necessity or good reason for
so doing, is a fact clearly established by the plaintiff's own tes-
timony.

Upon the question of contributory negligence no material
fact was in dispute, nor was there any doubt as to the inferences
to be drawn from the proofs. Under this state of facts, it was
the duty of the court to have affirmed the defendant's points,
asking for binding instructions against the plaintiff. Under
the evidence, we think, the assignments of error must all be
sustained. Some of the cases which establish the contribu-
tory negligence of the defendant are the following: Hill v.
Tionesta Twp., 146 Pa. 11, where it is said: " A person who
knows a defect on a highway, and voluntarily undertakes to test it

when it could be avoided, cannot recover against the municipal authorities for losses incurred through such defect."

" A man is as much bound to avoid a known danger on a public highway as anywhere else. Such obstructions are liable to occur. The person or persons by whose negligence they have been placed there, or suffered to remain, may be liable in damages to the parties injured thereby, when they have used reasonable care to avoid such injury ; but it would be a harsh rule to hold that because a man has a right to pass along a public road, he is under no duty to avoid a known danger. Such is not the law." See also cases cited in Hill v. Tionesta Township. To the same effect is Smith, Appellant, v. City of New Castle, 178 Pa. 298 ; Forks Township v. King, 84 Pa. 230 ; Lynch, Appellant, v. Erie City, 151 Pa. 380 ; also Haven v. Bridge Co., Appellant, 151 Pa. 620 ; City of Erie v. Magill, 101 Pa. 616 ; Winner, Appellant, v. Oakland Township, 158 Pa. 405 ; Conrad v. Upper Augusta Township, 200 Pa. 337 ; Boyle v. Borough of Mahanoy City, 187 Pa. 1. But it is a waste of time to cite other authorities of which there are a multitude.

The assignments of error are sustained and the judgment is reversed, and judgment is now entered against the plaintiff.