## Scheffel, Appellant, v. Williamsport Passenger Railway Company.

*Negligence—Automobiles—Street railway—Collision between car and motor—Contributory negligence.*

The plaintiff, in an action against a street railway company to recover for injuries sustained to an automobile in a collision between the automobile and a street car, is not entitled to recover because of contributory negligence, where the evidence shows that at the time of the accident plaintiff and her daughter were riding in the automobile which was driven by the daughter who had no license; that to make a complete turn on a street occupied by two tracks the car was turned into a side street and then backed into the main street until almost over the second track; that the motor was

then stopped, the gear shifted, and then started forward entering upon the second track when it was immediately struck by a street car; that when the motor was still backing plaintiff saw the street car which struck her two hundred feet distant approaching at a high rate of speed; that the motor could have been turned on the side street without backing upon the street car tracks; and that after it had backed upon the track it could have been further backed a few feet into a position of safety.

Argued March 12, 1917. Appeal, No. 18, March T., 1917, by plaintiff, from judgment of C. P. Lycoming Co., March T., 1916, No. 200, for defendant n. o. v. in case of Mary Scheffel v. Williamsport Passenger Railway Company. Before ORLADY, P. J., PORTER, HENDERSON, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Trespass to recover damages for injuries to an automobile in a collision with a street car. Before CHANNELL, P. J., specially presiding.

At the trial it appeared that the accident occurred on September 16, 1915, in the evening. The circumstances of the collision are set forth in the opinion of the Superior Court.

Verdict for plaintiff for $120. The court entered judgment for defendant n. o. v.

*Error assigned* was in entering judgment for defendant n. o. v.

John E. Cupp, with him *Clarence E. Sprout* for appellant.—The case was for the jury: Gilmore v. Federal St., Etc., Passenger Ry. Co., 153 Pa. 31; Thatcher v. Central Traction Co., 166 Pa. 66; Grupp v. Phila. Rapid Transit Co., 42 Pa. Superior Ct. 271; Friedland v. Altoona, Etc., Elec. Ry. Co., 59 Pa. Superior Ct. 539.

John G. Candor, of *Candor & Munson,* for appellee.

OPINION BY PORTER, J., July 13, 1917:

The plaintiff brought this action to recover damages alleged to have resulted from a collision between her automobile and a street car of the defendant company. She recovered a verdict in the court below, but the court entered judgment in favor of the defendant non obstante veredicto, from which judgment the plaintiff appeals. The ground upon which the court below based its action was that the testimony produced by the plaintiff disclosed that her own negligence and that of her daughter, for whose actions she was responsible, contributed to the injury.

The plaintiff was riding in her automobile upon an errand of her own and her daughter, who had no license to drive a car, was driving it under her direction. The car was driven eastward along the south side of Fourth street, in the City of Williamsport, until it reached Walnut street. Fourth street is 43 feet 8 inches wide, between curb lines, and there are upon it two street car tracks, the distance between the outer rail of the tracks, respectively, and the curb is 14 feet 3 inches. When the automobile reached Walnut street, the plaintiff desired to turn and go westward on Fourth street and the daughter, who was driving the car, elected to make the turn in the following manner: The automobile was turned to the right, south, into Walnut street, out of the line of traffic on Fourth street, the car was then stopped, the gear shifted and the car backed north into Fourth street, and straight across that street, over the street railway tracks, until the rear part of the car was in Walnut street north of Fourth street, it had then passed entirely over the east bound track of the street railway company and almost, if not quite, over the westbound track, the front wheels of the car being possibly still on the westbound track. In this position the car was again brought to a stop, the gear shifted and the car turned to the westward and again entered upon the westbound track of the street railway company. The automobile was struck by a west-

bound street car, shortly after it had entered upon the westbound track. The plaintiff and her daughter saw the street car approaching on the westbound track and about four hundred feet distant before they turned into Walnut street and each of them testified that they did not at that time observe the rate of speed at which the street car was moving. When the plaintiff's car was backing out of Walnut street and before they had entered upon Fourth street, the plaintiff saw that the street car was opposite a small street or alley, two hundred feet distant, and that it was approaching at a high rate of speed. Notwithstanding this she permitted her automobile to be backed across both street car tracks and not only that, but to be stopped, after it had crossed the tracks and, after the gear had been shifted, to be again started ahead and turned upon the westbound track upon which a street car was then approaching at a high rate of speed. The plaintiff and her daughter both testified that their car could have been turned on Walnut street, without backing upon the street car track, this would have avoided all danger of a collision with the street car. Entirely apart from that, however, the car of the plaintiff after having been safely backed across the street car tracks, in front of the rapidly approaching car could by backing a few feet farther into north Walnut street have been placed in an absolutely safe position and could then have moved westward on Fourth street in the ample space between the curb and the westbound track. Neither the plaintiff nor her daughter pretended to testify as to the location of the street car at the time the automobile again entered upon the westbound track, after being backed across both street car tracks, stopped and the gear changed. It is proper, however, to here repeat that the plaintiff testified that the street car was only two hundred feet distant and was approaching at a high rate of speed when her car was still backing out of Walnut street, before it had entered Fourth street and that her car had, in the interval, backed across Fourth

street ana over the street car tracks. It is manifest that in that interval the street car traveling at a high rate of speed must have been close upon the automobile when it last entered upon the street car track. Just how close it was the evidence of the plaintiff does not disclose, but that evidence does make very clear the fact that the plaintiff took no precautions to observe the position of the street car at that particular time. The negligence of the plaintiff, which contributed to the accident, was in permitting her car to be driven upon the track in front of a street car which was approaching at a high rate of speed and which, not at that time but sometime before, had been only two hundred feet distant. The conclusion of the learned judge of the court below that the plaintiff must be held guilty of contributory negligence was fully sustained by the testimony of the plaintiff and her witnesses: McCracken v. Consolidated Traction Co., 201 Pa. 378; Brown v. Philadelphia Rapid Transit Co., 252 Pa. 475; Bechtel v. Mahanoy City Borough, 30 Pa. Superior Ct. 135. There was in this case no sudden emergency, no failure of the mechanism of the car of the plaintiff which interfered with its operation; the plaintiff and her daughter, who was driving the car, were perfectly free to act in a manner which would have avoided all danger.

The judgment is affirmed.