Brown et al. *v.* Beaver Valley Traction Company, Appellant.

Argued April 12, 1928.

Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.

*Thompson Bradshaw,* of *May & Bradshaw,* for appellant.

*F. G. Moorhead,* and with him *John G. Marshall* of *Moorhead & Marshall,* for appellee.

OPINION BY KELLER, J., July 12, 1928:

For the purposes of this appeal the negligence of the defendant's motorman must be conceded. The only question involved is the contributory negligence of plaintiffs' agent.

Plaintiffs conduct a garage and service station in the city of Beaver. They had been repairing an Overland touring car. After dark the owner came to take it away but could not start his car. Plaintiffs' employe, Garvin, tried to crank it but could not. He then decided to try to start it by hooking it to a Winton truck, owned by plaintiffs and used as a service car, and towing it until the motor started. Garvin asked a friend named Holmes to drive the Winton car while he himself drove the Overland. A Ford car was parked in the street two doors to the east of the garage. Defendant operates a double track street car line on the street in front of the garage. As Garvin drove

out from the garage he looked to the west and saw a street car approaching four or four and a half blocks away. To get around the Ford car it was necessary to drive on the east bound track of the trolley line. As soon as the Winton car passed the parked Ford car Holmes started to turn in towards the curb. In the meantime the Overland engine had started and when Garvin got a few feet beyond the Ford car, he called "All right", which was the signal for Holmes to stop. The latter did so; and Garvin drove the Overland car as near to the Winton as he could and then alighted from the Overland car to uncouple the towing chain. He knew when he stopped that the rear of the Overland car was still on the street car track in the line of the approaching car and he never looked towards the trolley car after his first look in that direction, when he saw the trolley car approaching in the distance. The trolley car traveling at a negligent rate of speed hit the rear of the Overland car, while Garvin was uncoupling the chain; the Overland car in turn struck the Winton car and forced it on defendant's track, where it was hit and injured by the trolley car.

This is not the case of an automobile being stalled on a street car track (Mead v. Central Pa. Traction Co., 63 Pa. Superior Ct. 76); there was no emergency requiring Garvin to stop as soon as his motor started; it would have done no harm to proceed until the track was cleared. Nor is it the case of an automobile or wagon driving on the street car track without knowledge of an approaching street car and attempting to get off the track as soon as they learned of the approach of the car but being hit before they could get off, (Mortimer v. Beaver Valley Traction Co., 216 Pa. 326; Barto v. Beaver Valley Traction Co., 216 Pa. 328).

In this case plaintiffs' agent knew the car was approaching, though at a distance. Without any emer-

gency or compelling reason for his doing so he stopped the automobile he was driving and alighted from it to uncouple the towing chain, knowing that his automobile had not cleared the street car track and was in the path of the approaching trolley car, without first ascertaining where the street car then was and whether he could reasonably finish the uncoupling and move his automobile off the track before the car came by. Knowing these facts, as he admitted he did, (pp. 34-a, 35-a, 40-a), he voluntarily tested a known danger. Had he driven a few feet farther until he cleared the street car track, before he called to Holmes, he would have run no risk whatever. The driver of an automobile who, knowing a street car is approaching, but not how far away it is or how fast it is going, voluntarily leaves his automobile at night on the street car track when there is no reason mechanical or otherwise requiring him to do so, (Fenner v. Traction Co., 202 Pa. 365; Holt v. Penna. R. Co., 206 Pa. 356) and alights from the automobile, when he could just as well as not have gone a few feet farther and cleared the track, is guilty of contributory negligence as matter of law: Winter v. Federal St. Pass. Ry. Co., 153 Pa. 26; Gilmore v. Federal St. Pass. Ry. Co., 153 Pa. 31. See also Hause v. Lehigh Valley Transit Co., 38 Pa. Superior Ct. 614; Patton v. Phila. Traction Co., 132 Pa. 76; Rothweiler v. Phila. R. T. Co., Pa. Superior Ct. , 217 October T., 1927.

The judgment is reversed and is now entered for the defendant non obstante veredicto.