C. L. Lavine, Inc., Appellant, *v.* Phila. R. T. Co.

Argued October 17, 1929.

Before PORTER, P. J., TREXLER, KELLER, LINN, GAWTHROP, CUNNINGHAM and BALDRIGE, JJ.

*J. Webster Jones,* for appellant.

*Thomas B. K. Ringe,* and with him *John J. K. Caskie,* for appellee.

Opinion by Baldrige, J., January 29, 1930:

This is an action in trespass to recover damages to plaintiff's truck resulting from being struck by a trolley car of the defendant company. The lower court held that the plaintiff was guilty of contributory negligence and entered a compulsory nonsuit. The plaintiff appealed from the order refusing to take off the nonsuit.

On the afternoon of February 10, 1928, between 4:30 and 5:00 o'clock, the truck of the plaintiff was driven to the front of 433 Market Street, four or five houses east of Fifth Street, where it was backed to the curb with the front of the truck pointed diagonally toward Fifth Street. The driver took on some freight at that point and intended to go from there to 426 Market Street. Before making the turn, he held out his hand on the left side of his truck and stopped west bound traffic, which consisted of a trolley car and an automobile. At that time, the traffic officer at Fifth Street had the semaphore turned against traffic moving east and west. The operator of the truck pulled on to the west wagonway, crossing the street until he reached the east bound car track with his truck facing southeast. Then he was required to back as his truck was too long to make the turn. As he was backing, the officer at the corner turned the signal. The motorman started his car, came down on the east track for 150 feet, with truck in full view, and, notwithstanding the driver of the car said he put out his hand, the motorman did not stop, and, as a result, hit the truck on the left hand side.

Under these facts, should the lower court have said as a matter of law that the plaintiff was guilty of contributory negligence? The driver had crossed safely in front of the west bound, or contrary going, traffic

and was temporarily on the tracks of the defendant company endeavoring to reach his destination on the south side of the street. He was on the public highway at a place where he had a right to be, making a legitimate use of the street. The fact that the defendant company had the superior right to occupy the tracks did not prohibit the plaintiff from crossing them or stopping on them temporarily. The evidence did not indicate that he placed himself in an obviously dangerous position. His position became hazardous not by reason of his own negligence, but due to the negligent conduct of the motorman, which he was not required to anticipate: Fenner v. Wilkes-Barre & Wyoming Valley Traction Co., 202 Pa. 365.

Our attention has been called by the appellee to Winter v. Federal Street, 153 Pa. 26; Scheffel v. Williampsort Pass. Rwy. Co., 67 Pa. Superior Ct. 272; and Brown v. Beaver Valley Traction Co., 94 Pa. Superior Ct. 7.

In Winter v. Federal Street the plaintiff was occupying the tracks on a dark night at a point where the cars ran on a descending grade. The court in its opinion in that case called attention to the fact that it was unnecessary for the plaintiff to occupy the railway tracks for the purpose of unloading a safe and "it is clear that he needlessly obstructed the tracks in a fit of impatience, if not of anger, caused by the interruptions to which he had been subjected in his work by the passage of cars and in the expectation of saving thereby a little labor or a trifling expense in unloading."

In the Scheffel case, the plaintiff was riding in her automobile, driven by her daughter who had no license to drive a car and who backed it in front of an approaching street car.

In the Beaver case, the driver of the automobile knowing that a street car was approaching, voluntarily left his automobile at night on a street car track with-

out any reason, either mechanical or otherwise, when he could have gone a few feet further and cleared the track.

The controlling facts in those cases are dissimilar to, and are not decisive of this case.

In McFarland v. Traction Co., 204 Pa. 423, where the plaintiff backed his wagon across the curb allowing the horse to stand diagonally across the street car track, street car collided with the horse, and, as a result, an action was brought. The case was submitted to the jury to determine whether or not the plaintiff was guilty of contributory negligence. In the course of that opinion the court said, ''The position of the wagon necessarily placed the horse on the car tracks. The plaintiff, therefore, had the right to occupy the tracks while unloading the piano, provided he did so with no unnecessary delay and with proper precautions to prevent a collision with an approaching car.—A contrary view of the right of the plaintiff would make him a trespasser and deny to the public a right which it indubitably possesses in common with a street railway company.''

In McDyer v. E. Penna. Railways Co., 227 Pa. 641, where the facts are very similar to those in the instant case, the plaintiff was driving a milk wagon. He had served a customer on the one side of the street, in the middle of which was a trolley line. He attempted to cross the street at an oblique angle between intersecting streets in order to get to the opposite side to serve another customer, and the wagon was hit by a trolley car. The court held that question of plaintiff's negligence was a question for the jury.

It cannot be said as a matter of law that one is negligent who in a proper manner temporarily occupies the trolley track located on a city street, nor can negligence be imputed, under all circumstances and conditions, to one who attempts to drive across a city street. When traffic is so congested or trolley cars are ap-

proaching within such a short distance that a reasonably cautious person would not attempt to drive across the street, one, undoubtedly, is negligent in doing so, and the trial judge should so hold. The question, however, as to whether such action is so manifestly dangerous as to be negligent depends upon the varying circumstances. The size of the vehicle, the weight of the load, the width and grade of the street, the traffic and lighting conditions, are some of the elements to be considered. If there is no apparent danger, such conduct is not negligence per se. A court is warranted in finding and holding that there is contributory negligence only in clear cases: Mortimer v. Beaver Valley Traction Co., 216 Pa. 326; Luckenbill v. Eastern Penna. Railways Co., 47 Pa. Superior Ct. 121; Rose v. Southern Cambria Railway Co., 58 Pa. Superior Ct. 142.

It cannot be said that the legitimate inferences to be drawn from the facts in this case are so convincing that this plaintiff should be held negligent as a matter of law. The case was one to be submitted to the jury under guarded instructions.

Judgment of the lower court is reversed and a new trial is awarded.