# Sturgeon *v.* Beaver Valley Traction Company, Appellant.

*Negligence—Street railways—Wagon on track—Contributory negligence— Case for jury.*

In an action against a street railway company to recover damages for personal injuries, it appeared that plaintiff was riding in an open buggy on the westerly track of the defendant's electric railway in a borough, and was struck by a car running in the opposite direction on this track. The space between the tracks and the curb on one side of the street was impassable and that on the other side was dangerous because of gullies and obstructions. He was deaf, and drove on the track on which a car would approach him in front as a matter of precaution, trusting to his sight to warn him of a car coming in front rather than to his defective hearing to warn him of a car approaching from the rear. He was looking for a car and saw the car that struck him as it came around a curve in the street and was 340 feet from him, running on a steep down grade at the rate of fifteen miles an hour. He at once attempted to turn out of the track, but was delayed by the wheels of his buggy slipping on the rails. *Held,* that the question of defendant's negligence was for the jury.

Argued Oct. 16, 1906. Appeal, No. 101, Oct. T., 1906, by defendant, from judgment of C. P. Beaver Co., June T., 1904, No. 183, on verdict for plaintiff in case of Amos E. Sturgeon *v.* Beaver Valley Traction Company. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before HOLT, P. J.

The circumstances of the accident are stated in the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $1,600. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

James L. Hogan, with him John M. Buchanan, for appellant.

J. Rankin Martin, with him James H. Cunningham, for appellee, were not heard.

OPINION BY MR. JUSTICE FELL, January 7, 1907 :

The only assignment of error in this case is to the refusal of the court to direct a verdict for the defendant. The plaintiff's case as shown by his testimony was this: He was riding in an open buggy on the westerly track of the defendant's electric railway in the borough of New Brighton, and was struck by a car running in the opposite direction on this track. The space between the tracks and the curb on one side of the street was impassable and that on the other side was dangerous because of gullies and obstructions. He was deaf and drove on the track on which a car would approach him in front as a matter of precaution, trusting to his sight to warn him of a car coming in front rather than to his defective hearing to warn him of a car approaching from the rear. He was looking for a car and saw the car that struck him as it came around a curve in the street and was 340 feet from him, running on a steep down grade at the rate of fifteen miles an hour.

He at once attempted to turn out of the track, but was delayed by the wheels of his buggy slipping on the rails. Under this statement of the facts, the plaintiff was driving on the only part of the street where it was practicable for him to drive, and he was exercising care. He certainly established a case clear of contributory negligence. Whether the motorman was negligent under the circumstances was for the jury.

The judgment is affirmed.