# Mortimer *v.* Beaver Valley Traction Company, Appellant.

*Negligence—Street railways—Collision between wagon and car—Contributory negligence—Question for jury.*

In an action against a street railway company to recover damages for personal injuries, it appeared that plaintiff was riding at night in an open wagon on the track of the defendant's road on a borough street. As he was turning from the track, the back part of his wagon was struck by a car which was going in a direction opposite to that in which he was moving. According to his testimony he was looking for the car and first saw it when it was 308 feet from him; he at once attempted to turn from the track but

he was not given time to do so; the car was dimly lighted, was without headlights, and was running at the rate of twenty-five or thirty miles an hour; no attempt was made by the motorman to slacken its speed before the collision. *Held*, that the case was for the jury.

A court is warranted in saying there was contributory negligence only in clear cases where the facts and the inferences to be drawn from them are free from doubt.

Argued Oct. 16, 1906. Appeal, No. 129, Oct. T., 1906, by defendant, from judgment of C. P. Beaver Co., Dec. T., 1903, No. 630, on verdict for plaintiff in case of Calvin B. Mortimer v. Beaver Valley Traction Company. Before MITCHELL, C. J., FELL, BROWN, POTTER, ELKIN and STEWART, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before HOLT, P. J.

The facts relating to the accident are set forth in the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $1,725. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*James L. Hogan*, with him *John M. Buchanan*, for appellant, cited : Thomas v. Pass. Ry. Co., 132 Pa. 504 ; Omslaer v. Traction Co., 168 Pa. 519 ; Myers v. R. R. Co., 150 Pa. 386.

*James H. Cunningham*, for appellee, cited: Ehrisman v. East Harrisburg City Pass. R. Co., 150 Pa. 180 ; Gilmore v. Pass. Ry. Co., 153 Pa. 31.

OPINION BY MR. JUSTICE FELL, January 7, 1907 :

The only question raised by this appeal is whether there was such evidence of contributory negligence as to preclude the plaintiff from recovering for the injuries he sustained. He was riding at night in an open wagon on the track of the defendant's road on a borough street. As he was turning from the track, the back part of his wagon was struck by a car which was going in a direction opposite to that in which he was moving. According to his testimony he was looking for the car

and first saw it when it was 308 feet from him; he at once attempted to turn from the track, but was not given time to do so; the car was dimly lighted, was without headlights, and was running at the rate of twenty-five or thirty miles an hour; no attempt was made by the motorman to slacken its speed before the collision.

This testimony, if credited by the jury, made out a case free from contributory negligence. Passenger railway companies have a superior, but not an exclusive, right to the use of the parts of the borough or city streets occupied by their tracks. It was the right of the plaintiff, subordinate to the superior right of the company to an unobstructed track for the passage of its cars, to drive on the track although he could have driven on the street on either side of it. He was held, however, to a high degree of vigilance and care, especially as he was driving in the direction from which a car would approach. Whether he exercised proper care under the circumstances was a question for the jury and not for the court. A court is warranted in saying there was contributory negligence only in clear cases where the facts and the inferences to be drawn from them are free from doubt: Iseminger v. York Haven Water & Power Co., 206 Pa. 591.

The judgment is affirmed.