## Barto, Appellant, v. Beaver Valley Traction Company.

*Negligence—Street railways—Collision between wagon and car—Case for jury—Contributory negligence.*

The track of a street railway company is not intended for use by pedestrians but it is open for use by those riding in vehicles. The place between the rails in cities and boroughs is paved for that purpose and the traveling public are at liberty to drive on it. Their right to use this part of the street is subordinate only to the right of the company to have a clear track. They are expected to use it both from necessity at times and for convenience when it offers a better passageway. One using it for convenience cannot be charged with negligence simply because of the fact that he could have driven at the sides of the street.

In an action by a man and wife against a street railway company to recover damages for personal injuries, it appeared that the defendant com-

pany had a single track electric railway on the street of a borough, on which one car was run every fifteen minutes. The track was at the middle of the street, and there was room on either side for vehicles. The space between the rails was paved; the rest of the street was an ordinary dirt road. The plaintiffs at night were riding in a buggy at a slow trot on the track. The top of the buggy was down and they had looked back several times to see whether a car was coming. They first observed the car when it was a rod from them and the buggy was struck before they succeeded in getting clear of the track. The car was running fifteen miles an hour without a headlight and no signal of its approach was given. *Held*, that the case was for the jury.

Gilmartin v. Rapid Transit Co., 186 Pa. 193; Penman v. Ry. Co., 201 Pa. 247, distinguished on the ground that plaintiffs were pedestrians.

Argued Oct. 17, 1906. Appeal, No. 158, Oct. T., 1906, by plaintiffs, from judgment of C. P. Beaver Co., Sept. T., 1905, No. 302, on verdict for defendant in case of J. A. Barto and A. I. Barto, his wife, v. Beaver Valley Traction Company. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Reversed.

Trespass to recover damages for personal injuries. Before HOLT, P. J.

The facts are stated in the opinion of the Supreme Court.

The court gave binding instructions for defendant.

Verdict and judgment for defendant. Plaintiff appealed.

*Error assigned* was in giving binding instructions for defendant.

*Alfred P. Marshall*, for appellants.—The case was for the jury : Penna. Canal Co. v. Bentley, 66 Pa. 30; Arnold v. Penna. R. R. Co., 115 Pa. 135; Miller v. Bealer, 100 Pa. 583; Smyth v. Craig, 3 W. & S. 14; Hoag v. R. R. Co., 111 N. Y. 199 (18 N. E. Repr. 648); Hennessy v. R. R. Co., 73 Hun, 569 (26 N. Y. Supp. 321); Dean v. Penna. R. R. Co., 129 Pa. 514.

*James L. Hogan*, with him *John M. Buchanan*, for appellee, cited : Thomas v. Pass. Ry. Co., 132 Pa. 504; Gilmartin v. Rapid Transit Co., 186 Pa. 193; Penman v. Ry. Co., 201 Pa. 247; Indianapolis St. Ry. v. Slifer, 72 N. E. Repr. 1055; Belford v. Brooklyn Heights R. R. Co., 1 Street Ry. Rep. 624.

OPINION BY MR. JUSTICE FELL, January 7, 1907 :

The defendant has a single track electric railway on one of the streets of the borough of Monaca, on which one car is run every fifteen minutes. The track is at the middle of the street and there is room on either side for vehicles. The space between the rails is paved ; the rest of the street is an ordinary dirt road. The plaintiffs at night were riding in a buggy at a slow trot on the track. The top of the buggy was down and they had looked back several times to see whether a car was coming. They first observed the car when it was a rod from them, and the buggy was struck before they succeeded in getting it clear of the track. The car was running fifteen miles an hour without a headlight and no signal of its approach was given. Under this state of facts detailed by the plaintiffs and their witnesses, a verdict was directed for the defendant on the ground of the plaintiffs' contributory negligence in driving on the track at night when there was room to drive on other parts of the street.

The conclusion reached by the learned trial judge was based on the decisions of this court in Gilmartin v. Rapid Transit Co., 186 Pa. 193, and Penman v. Railway Co., 201 Pa. 247. In both of those cases the plaintiffs were pedestrians, and the ground of both decisions is that by walking along on the track of the railway company, they voluntarily exposed themselves to a known danger and were negligent in so doing. The track of a street railway company is not intended for use by pedestrians but it is open for use by those riding in vehicles. The space between the rails in cities and boroughs is paved for that purpose, and the traveling public are at liberty to drive on it. Their right to use this part of the street is subordinate only to the right of the company to have a clear track. They are expected to use it both from necessity at times and for convenience when it offers a better passageway. One using it for convenience, as was the case here, cannot be charged with negligence simply because of the fact that he could have driven at the sides of the street. Whether under the circumstances the plaintiffs exercised proper care was for the jury.

The judgment is reversed with a venire facias de novo.