# Hause, Appellant, v. Lehigh Valley Transit Company.

*Negligence—Street railways—Automobile—Contributory negligence—nonsuit.*

1. In an action against a street railway company to recover damages for injuries to an automobile, it appeared that the plaintiff in driving along a turnpike road in a country district, stopped his automobile to pay toll. The machine was stopped so close to the defendant railway company's track on the road, that a car could not pass without striking it. There was a clear space of highway about eight feet wide between the automobile and the toll gate. The machine was about seven feet wide. Plaintiff and his chauffeur both saw defendant's car stop about sixty feet in the rear of the automobile to take off and let on passengers. The electric car ran into the automobile without previously sounding a bell or blowing a whistle. The accident happened · in the daytime. *Held*, that a nonsuit was properly entered.

2. A peremptory nonsuit is in the nature of a judgment for defendant on demurrer to evidence and hence, in testing the validity of such nonsuit, the plaintiff is entitled to the benefit of every inference of fact which might have been fairly drawn by the jury from the evidence before them.

Argued Dec. 10, 1908. Appeal, No. 129, Oct. T., 1908, by plaintiff, from order of C. P. Lehigh Co., Jan. T., 1908, No. 51, refusing to take off nonsuit in case of Charles G. Hause v. The Lehigh Valley Transit Company. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Trespass to recover damages to an automobile. Before HEYDT, P. J., specially presiding.

In addition to the facts stated in the opinion of the Superior Court it appeared that the accident happened between three and four o'clock on August 24, 1907.

*Error assigned* was refusal to take off nonsuit.

*George M. Lutz*, for appellant.—It is the duty of street railway companies to see that their motormen shall be on the

alert, not only at street crossings, but everywhere upon its tracks to see that citizens are not run down and injured: Ehrisman v. East Harrisburg City Passenger Railway Co., 150 Pa. 180; Schnur v. Citizens' Traction Co., 153 Pa. 29; Gilmore v. Federal Street, etc., Pass. Ry. Co., 153 Pa. 31; Conner v. Pittsburg Railways Co., 216 Pa. 609; Evers v. Philadelphia Traction Co., 176 Pa. 376; Thompson v. United Traction Co., 193 Pa. 555; Distasio v. United Traction Co., 35 Pa. Superior Ct. 406; Barto v. Traction Co., 216 Pa. 328; Mortimer v. Traction Co., 216 Pa. 326.

A court is warranted in saying there was contributory negligence only in clear cases where the facts and the inferences to be drawn from them are free from doubt: Iseminger v. York Haven Water & Power Co., 206 Pa. 591; McFarland v. Traction Co., 204 Pa. 423; Fenner v. Wilkes-Barre, etc., Traction Co., 202 Pa. 365; Ehrisman v. Ry. Co., 150 Pa. 180; Schnur v. Traction Co., 153 Pa. 29; Penna. R. R. Co. v. Ogier, 35 Pa. 60.

We think the case should have been submitted to the jury under the ruling in the case of Doyle v. Traction Co., 214 Pa. 382.

*Arthur G. Dewalt,* for appellee.—Where a motorman testifies that he used the precautions that are necessary in stopping his car, or where from the facts it appears that he must have done so, viz.: that he stopped his car within eight feet and that the force of the collision was only sufficient to move the auto a few inches, negligence cannot be imputed to the company because of the collision, and this is so, even where people, seeing the approach of the car, give notice to the motorman: Wagner v. Traction Company, 212 Pa. 132; Watts v. Stroudsburg Pass. Ry. Co., 34 Pa. C. C. Rep. 373.

Opinion by Morrison, J., February 26, 1909:

We approach the consideration of this case with the full understanding that "In our practice, a peremptory nonsuit is in the nature of a judgment for defendant on demurrer to evidence and hence, in testing the validity of such nonsuit, the plaintiff

is entitled to the benefit of every inference of fact which might have been fairly drawn by the jury from the evidence before them:" Hill v. Trust Co., 108 Pa. 1. At the close of the plaintiff's case the court below entered a compulsory nonsuit and subsequently refused to take it off. Whereupon, the plaintiff excepted and appealed to this court. The assignments of error raise the question of the refusal of the court to take off the compulsory nonsuit.

On August 24, 1907, the plaintiff, accompanied by his chauffeur and four ladies, was traveling in his automobile from Philadelphia to Allentown. At Rock Hall, on the Coopersburg turnpike, on which the defendant was maintaining its track for the operation of trolley cars, the plaintiff stopped his automobile to pay toll. He left the machine evidently supposing it to be far enough from the trolley track to be safe, but in fact it was a few inches too near the track so that a car could not pass without striking it. The plaintiff had been traveling for some distance on the highway with the defendant's track on his right. When he approached the tollhouse, the roadbed between the track and the tollhouse was fifteen feet wide, and it was entirely clear and unobstructed and the plaintiff and his chauffeur had their choice of stopping the car on any part of the roadbed and, as the car was only about seven feet wide, there was a clear space of the highway about eight feet wide between the plaintiff's automobile and the tollgate. The plaintiff and his chauffeur both saw defendant's car stop about sixty feet in the rear of the automobile to take on or let off passengers. The inference is irresistible and free from doubt that they must have anticipated that the trolley car would come along the track in the direction of the automobile. In our opinion, no reasonable inference can be drawn from the conduct of the plaintiff, except that he supposed he left his automobile far enough from the track to permit the trolley car to safely pass. It would be unreasonable to suppose that the plaintiff would leave his car standing too close to the track for safety, while it was occupied by his family, and we must conclude that he and his chauffeur made a mistake and were, therefore, guilty of negligence. In this record there is not the slightest reason disclosed justifying

the plaintiff in leaving his car standing a few inches too near the track for safety. Therefore, the proposition contended for by the learned counsel for the plaintiff that both the plaintiff and the traction company had the right to use the highway, is not involved in this case. It is true that when necessity or convenience is involved, a person using an automobile or a carriage upon a highway, may drive upon the track of the traction company. It was said in Mortimer v. Beaver Valley Traction Co., 216 Pa. 326, by Mr. Justice FELL: "Passenger railway companies have a superior, but not an exclusive, right to the use of the parts of the borough or city streets occupied by their tracks. It was the right of the plaintiff, subordinate to the superior right of the company to an unobstructed track for the passage of its cars, to drive on the track although he could have driven on the street on either side of it." To the same effect is Barto v. Beaver Valley Traction Co., 216 Pa. 328.

We have already said that the doctrine of these cases, contended for by plaintiff, does not apply, because in the present case the plaintiff was not using the defendant's track and it is perfectly clear that he intended to keep in the highway a safe distance from the track. The learned judge below in his opinion refusing to take off the nonsuit, said: "Neither the plaintiff nor his chauffeur looked for a car when they stopped. When they saw the car stopping sixty feet behind them they paid no attention to it and made no effort to get out of its way. There was nothing to prevent the plaintiff from leaving his automobile where it would clear the track in the first place, or from moving it when he saw the car. It is negligence per se to leave an automobile standing on the track of a street railway company, or so close to it that it will be struck by a passing car when there is no reason or excuse for it.

"If the plaintiff thought the automobile would clear the car, and it was a case of mistaken judgment, and the motorman also thought the car would clear the automobile (and the court is of the opinion that this is what actually occurred) then the accident is the result of the concurrent negligence of the plaintiff and the defendant and the plaintiff cannot recover."

We agree with both positions taken by the learned court be-

low. To us the inference seems clear, and free from doubt, that the plaintiff must have supposed his automobile was at a safe distance from the track. But in this he was mistaken and now he blames the defendant because its motorman made the same mistake by assuming that the plaintiff had left his car at a safe distance from the track. It may be conceded that a very high degree of care on the part of the motorman would have avoided this accident. But that only convicts the defendant of negligence. But on the other hand very ordinary care would have led the plaintiff, before leaving his automobile, to have placed it on some portion of the eight feet of open highway between the automobile and the tollhouse. We consider this accident the result of the concurrent negligence of the plaintiff and his chauffeur and the motorman. But we consider that the plaintiff, by his negligent act, led the motorman into the mistake which he made.

The plaintiff contends, however, that the motorman should have given the parties in the automobile warning of his intention to start his car by sounding of bell or blowing of whistle. We cannot see much force in this argument. The plaintiff and his chauffeur saw the car stop to discharge or receive passengers and they must have expected that it would proceed on its way and they must have supposed that the automobile was clear of the track, and if the motorman had given warning, no jury ought to be permitted to infer that the plaintiff would have moved his automobile, because he evidently considered it in a safe place. But suppose the motorman was negligent in not sounding the bell or blowing a whistle, that will not excuse the plaintiff for his negligence to which we have already referred.

The plaintiff's counsel relies on Barto v. Beaver Valley Traction Co., 216 Pa. 328, and Mortimer v. Beaver Valley Traction Co., 216 Pa. 326, and also Sturgeon v. Beaver Valley Traction Co., 216 Pa. 322. In the Mortimer case, the plaintiff was riding at night in an open wagon on the track of the defendant's road on a borough street. According to his testimony, he was looking for a car and was using care. Of course, that carried the case to the jury. In the Sturgeon case, the plaintiff was driving on the track of the defendant's electric railway because the street on one

side of the track was impassable, and on the other side was dangerous. He was looking for a car and made an effort to get off the track, but failed, and was injured. That case was for the jury because the plaintiff made out a case clear of contributory negligence. In the Barto case the plaintiffs were driving on the track with the top of the buggy down, and they looked back several times to see whether a car was coming. A car came at the rate of fifteen miles an hour without a headlight, and no signal of its approach was given. That case was for the jury. We do not consider those cases as sustaining the present plaintiff's contention.

Where the facts and the inferences to be drawn from them are free from doubt, the court is warranted in saying that there was contributory negligence: Iseminger v. York Haven Water and Power Co., 206 Pa. 591. In the present case we think the facts and inferences which a jury could be permitted to draw from them, convicted the plaintiff of contributory negligence and, therefore, the court did not err in granting the nonsuit and refusing to take it off.

The assignments of error are dismissed and the judgment is affirmed.

HEAD, J., dissenting:

At the time of the accident the plaintiff was traveling along a public highway in a rural community. A portion of the road was occupied by the tracks of the defendant company, upon which it operated cars, with some interval of time between them as is customary in extra-urban traffic. The plaintiff had a right to travel upon any part of the highway, even upon that portion occupied by the defendant's tracks. The right of the defendant upon its own tracks was superior but not exclusive. But that superiority could not be asserted without giving to anyone obstructing the track a reasonable opportunity to get out of the way of the car.

Wherever the plaintiff could lawfully travel upon the highway he could lawfully stop his automobile for a necessary or proper purpose and during a reasonable time. Whilst thus lawfully stopped his right to the portion of the highway occu-

pied by his vehicle was exclusive. His momentary stop to pay toll was not only lawful but compulsory. He was returning to his car when the motorman of the defendant, in broad daylight, with the automobile standing in plain view, struck it with the street car. If while some distance from it he thought he could clear it, the use of his eyes when he came close to it would have warned him of his error. And his car, if under control, could have been stopped without doing any injury. But if it became material to draw from the conduct or declarations of either the plaintiff or motorman, any inference as to the state of mind, purpose or intent of either, such inference was one of fact to be drawn by a jury from pertinent evidence introduced at the trial.

I am unable to see how, under these circumstances, the learned trial court could declare, as matter of law, that the plaintiff was guilty of contributory negligence and could not recover. I would reverse the judgment and send the case to the jury.

President Judge RICE and HENDERSON, J., join in this dissent.