# Speakman *v.* Philadelphia & West Chester Traction Company, Appellant.

*Automobiles—Street railways—Rear end collision.*

If a person drives an automobile with rear and side curtains down, at a speed of ten or fifteen miles an hour, in the daytime, and too close to a trolley track for a car to clear the machine, and the machine is struck from behind by a car which the driver of the machine could have avoided if he had looked back, the driver is guilty of contributory negligence as a matter of law, and there is no case for a jury.

Argued Nov. 16, 1909. Appeal, No. 73, Oct. T., 1909, by defendant, from judgment of C. P. Chester Co., Jan. T., 1909, No. 78, on verdict for plaintiff in case of Frank L. Speakman v. Philadelphia & West Chester Traction Company. Before RICE, P. J., HENDERSON, MORRISON, HEAD, BEAVER and PORTER, JJ. Reversed.

Trespass to recover damages for personal injuries. Before HEMPHILL, P. J.

The facts appear by the opinion of the Superior Court.

Verdict and judgment for plaintiff for $1,455. Defendant appealed.

*Error assigned* among others was (2) in refusing binding instructions for defendant.

*Alfred P. Reid* and *William I. Schaffer,* for appellant.— The appellee did not look and listen for an approaching car, as required by law: Carson v. Federal Street, etc., Railway Co., 147 Pa. 219; Ehrisman v. E. Harrisburg City Pass. Ry. Co., 150 Pa. 180; Wheelahan v. Phila. Traction Co., 150 Pa. 187; Callahan v. Traction Co., 184

Pa. 425; Pieper v. Union Traction Co., 202 Pa. 100; Warner v. People's St. Ry. Co., 141 Pa. 615; Trout v. Electric Railway Co., 13 Pa. Superior Ct. 17; Potter v. Railway Co., 19 Pa. Superior Ct. 444.

If the roadway at the side of the track, is wide enough to allow the safe passage of a vehicle, one who drives so close to the track as to be struck by an approaching car, or who stops his vehicle so close to the track as to be struck by a car which he has just turned from the track to avoid, is guilty of contributory negligence: Morrow v. Del. County & Phila. Elec. Ry. Co., 199 Pa. 156; Mc-Cracken v. Traction Co., 201 Pa. 378; Keenan v. Traction Co., 202 Pa. 107; Kane v. Ry. Co., 181 Pa. 53; Warner v. Ry. Co., 141 Pa. 615; McClelland v. Rys. Co., 216 Pa. 593.

The person who puts himself within the danger limits of an approaching car is negligent: Warner v. People's St. Ry. Co., 141 Pa. 615.

It is the duty of a person traveling on a highway to keep a safe distance from the tracks of a street railway, failing which he is negligent: McClelland v. Pittsburg Rys. Co., 216 Pa. 593.

*Walter S. Talbot,* with him *Joseph H. Baldwin,* for appellee.—In the matters where contributory negligence is involved the measure of duty is ordinary and reasonable care, and where the degree of care varies according to the circumstances, the question of negligence is always for the jury: Davidson v. Schuylkill Traction Company, 4 Pa. Superior Ct. 86; Gates v. Penna. R. R. Co., 154 Pa. 566; Callahan v. Traction Co., 184 Pa. 425; Barto v. Traction Co., 216 Pa. 328; Jones v. Street Ry. Co., 9 Pa. Superior Ct. 65; Mortimer v. Traction Co., 216 Pa. 326; Iseminger v. York Haven Water & Power Co., 206 Pa. 591; McCracken v. Traction Co., 201 Pa. 378.

OPINION BY MORRISON, J., April 18, 1910:

An examination of the evidence convinces us that the appellant's history of the case is substantially fair and correct,

and from it we gather the following facts: A public road runs from the fair grounds westwardly to West Chester—a distance of about a mile. The track of defendant is located on the south side of said road all of said distance. Bolmar street crosses the road and the railway tracks at right angles, and is the eastern boundary of the borough of West Chester. From a point about 800 feet east of Bolmar street, at Cottage Hill, there is a descending grade westward, coming to a level a short distance east of Bolmar street. From Bolmar street westward there is a brick pavement between the railway tracks and for about twenty inches on either side. The distance from the fair grounds to Bolmar street is about 5,000 feet and the running time of the cars between these points is four minutes.

On September 11, 1908, there was an agricultural fair in progress at the fair grounds, and the railway cars were running to and from West Chester every fifteen minutes, and they were very much crowded. On that day the plaintiff was attending the fair and was returning therefrom to West Chester in an automobile. The back curtains and the two rear side curtains (about eighteen to twenty inches in width), were down. The plaintiff was driving the machine himself and occupied the front seat on the right-hand side of the machine with Mr. Satterthwaite on the left side of the same seat. The automobile was running at about ten to fifteen miles per hour. When the plaintiff approached Bolmar street he turned his machine to the left—a distance of five or six feet—and ran the left wheels thereof upon the brick pavement on the north side of the north rail of the street railway track. His testimony shows that he was aware that he was too close to the trolley track for a car to clear his machine if one should come from the rear traveling faster than the automobile was going. After going about 150 feet on this pavement, plaintiff's machine was struck by a street car and badly damaged. For a considerable distance in the rear of the plaintiff's automobile at the time of the accident, the street is almost a straight line and a car upon the track can be seen for a long distance. When the plaintiff turned his automobile toward the trolley

tracks, the car that ran him down was about 300 feet from Bolmar street (according to the testimony of plaintiff's witnesses). The plaintiff did not stop his automobile. He did not look back. He looked to the side and ahead. He said he did not look back because it was not safe—that the driver of an automobile should look ahead. He said it did not occur to him that there were any cars going to run fast enough to hit him.

We also have the testimony of Reuben Satterthwaite. He said when they came to the brick pavement, they pulled over to the left and he did not do anything except look out of the left side of the machine. They did not stop. He said he looked back a considerable distance but that he only looked out at the side of the car. He did not look out of the back of the machine, but claimed that by looking out of the side he could see back of the machine. But this testimony is of little consequence because other witnesses of the plaintiff showed that the trolley car was about 300 feet from Bolmar street when the plaintiff ran his car onto the brick pavement.

We consider the evidence sufficient to warrant the jury in finding that the car that struck the plaintiff's automobile was being operated negligently. However, it is very probable that the motorman was deceived by the fact that the automobile was not on the track and he may have thought there was room enough for his car to clear the automobile. This theory would make the case similar to Hause v. Lehigh Valley Transit Co., 38 Pa. Superior Ct. 614. But in that case we held that there was sufficient evidence from which the jury could find that the defendant was guilty of negligence.

Now, as to the contributory negligence of plaintiff, the inference is irresistible that if plaintiff's companion had looked back of the car along the track he must have seen a car approaching at a speed that would indicate danger to the automobile. It has many times been decided that it is idle for a witness to testify that he looked when it is clear that if he had looked, he would have seen the danger. If plaintiff's companion had looked back along the track, how easy it would have been for the plaintiff, on notice that a car was approaching, to have turned out a little and let the car pass.

In McCracken v. Traction Co., 201 Pa. 378, it was decided as indicated in the syllabus: "If he looked he saw that it was approaching at a high rate of speed and could not rely upon the presumption that its speed was lawful and take the chances of crossing ahead of it. If he looked he was guilty of contributory negligence and if he did not look he was likewise guilty."

In the present case, the plaintiff does not pretend that he looked back or that he took any precaution to prevent such an accident as the one that occurred except to run his automobile at a speed of ten or fifteen miles an hour too close to the trolley track for a car to clear his machine. If he was relying on his companion to look back and warn him of an approaching car, it is absolutely certain that the latter did not discharge his duty because he neither saw nor heard the car until it struck the automobile. From this state of facts we are unable to reach a conclusion that the plaintiff was not guilty of contributory negligence. If it was not careless for him to drive his automobile in the manner above indicated, without looking back along the track, or having his companion do so, then we are at a loss to understand what carelessness means. And if he was careless in the circumstances which are not in dispute, such carelessness amounted to contributory negligence.

The learned counsel for appellee cites a number of cases, among them our own case of Davidson v. Traction Co., 4 Pa. Superior Ct. 86, but that case holds that "negligence is always a question for the jury whenever there is a conflict of testimony, or from any cause there is a reasonable doubt as to the facts, or the inferences to be drawn from them." But in the present case there is no conflict of testimony, nor do we think there is any doubt as to the inferences to be drawn on the question of contributory negligence, from the plaintiff's own showing.

The same counsel cite Gates v. Penna. R. R., 154 Pa. 567, but that case holds as indicated in the syllabus: "But where facts constituting negligence are either admitted or conclusively established by undisputed evidence it is the duty of the court to declare the law applicable thereto."

In Callahan v. Traction Co., 184 Pa. 425, also cited by appellee's counsel, it was said: "There is always a duty to look for an approaching car, and, if the street is obstructed to listen and in some situations to stop." This was said in regard to a traction accident, but the case is not in point under the facts in the present case.

Barto v. Beaver Valley Traction Co., 216 Pa. 328, is also cited, but in that case the plaintiffs at night were riding in a buggy on a slow trot on the track. The top of the buggy was down and they had looked back several times to see whether a car was coming. They first observed the car when it was a rod from them and the buggy was struck before they succeeded in getting clear of the track. The car was running fifteen miles an hour without a headlight, and no signal of its approach was given. Held, that the case was for the jury. But in that case the plaintiffs had a right to drive upon the track and they had the top of the buggy down and they had looked back several times and the car came upon them in the nighttime without a headlight. Now mark the difference between that case and the present one. Here the back of the automobile was closed and the two rear side curtains were down, and it is perfectly clear that the plaintiff and his companion did not look back along the track because it was broad daylight and if they had looked, the car was in plain sight.

Mortimer v. Beaver Valley Traction Co., 216 Pa. 326, is also cited, but it is much like Barto v. the same company. In it, the car was running at the rate of twenty-five or thirty miles an hour and the plaintiff was trying to get off the track, but he was run down and the motorman made no attempt to slacken his speed. But that case holds that "A court is warranted in saying there was contributory negligence only in clear cases where the facts and inferences to be drawn from them are free from doubt: Iseminger v. York Haven Water and Power Co., 206 Pa. 590."

We think the plaintiff was guilty of contributory negligence under his own showing and that he was precluded from going to the jury with his case. It seems to us that no jury was needed to pass upon the undisputed evidence and the clear

inferences to be drawn from it, but that the court ought to have instructed the jury that the plaintiff was guilty of contributory negligence as a matter of law and that he could not recover. Bearing still further on the question of the duty of the plaintiff and his contributory negligence we might cite a long list of cases establishing the rule that so much of the stop, look and listen rule is applicable to a street railway as requires a traveler to look and listen and in some cases he should also stop: Omslaer v. Traction Co., 168 Pa. 519; Carson v. Federal St., etc., Ry. Co., 147 Pa. 219; Wheelahan v. Phila. Trac. Co., 150 Pa. 187; Callahan v. Trac. Co., 184 Pa. 425; Trout v. Elec. Ry. Co., 13 Pa. Superior Ct. 17; Potter v. Ry. Co., 19 Pa. Superior Ct. 444.

In Morrow v. Ry. Co., 199 Pa. 156, the Supreme Court held as stated in the syllabus: "The duty of a person driving along a highway in a cart loaded with lumber placed crosswise on it, and projecting in front of it up to the head of the horse, and with a trolley track on the side of the road over which a car may come at any moment, is to look forward and not backward and to keep in the road, wide enough to do so, at a safe distance from the track."

In the present case the plaintiff's own testimony shows that there was a roadbed twenty-five feet wide which he might have kept his automobile on at a safe distance from the track. In McCracken v. Traction Co., 201 Pa. 378, it is held as stated in the syllabus: "A person who is struck by a car of a street railway company in crossing its tracks cannot relieve himself of the charge of contributory negligence by proving the unlawful speed of the car, where the car was within his view just before he reached the track if he looked." We might cite many other cases which seem to us to convict the plaintiff of contributory negligence, but it is unnecessary to prolong this opinion.

The second assignment of error is sustained and the judgment is reversed.

RICE, P. J., and HEAD, J., dissent.