## McCloskey *v.* Petersen Motors, Inc., Appellant.

*Appeals—Assignments of error—Failure to grant a new trial—Powers of appellate court.*

The power of the appellate court to grant a new trial is exceptional in character, and is only to be exercised in very clear cases of wrong or injuries, which the court below should have remedied.

132, (1922).]     Syllabus—Opinion of the Court.

The action of the lower court, in refusing a new trial, will be affirmed, where the only complaint was that the verdict was excessive, and there is sufficient evidence to support the verdict.

Argued October 16, 1922.   Appeal, No. 157, Oct. T., 1922, by defendant, from order of C. P. No. 3, Phila. Co., June T., 1921, No. 979, refusing to grant a new trial in the case of M. H. McCloskey v. Petersen Motors Inc. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.   Affirmed.

Trespass for conversion of an automobile.   Before DAVIS, J.

From the record it appeared that the plaintiff claimed damages for the unlawful detention of an automobile, the property of the plaintiff, which had been taken to the establishment of the defendant for repairs.   In the affidavit of defense, the defendant admitted that it still retained the possession of the automobile.

The defendant did not appear either in person or by counsel to defend the action and the court submitted the case to a jury, who rendered a verdict in favor of the plaintiff in the sum of $1,500 and judgment was entered thereon.

On a rule to open the judgment and let the defendant into a defense the court discharged the rule.   Defendant appealed.

*Error assigned* was the order of the court.

*Edward O. Thomas,* and with him *Herbert L. Maris,* for appellant.

*Edward J. Mingey,* for appellee.

PER CURIAM, December 11, 1922:

This is an appeal from a judgment entered upon a verdict.   The only assignment of error is to the refusal of the court to open the judgment, grant a new trial and

let defendant into a defense.   In the several petitions presented to the court below praying for a new trial there is no allegation that the plaintiff was not entitled to recover something, the only complaint is that the verdict was excessive.   The evidence produced by the plaintiff was fully sufficient to sustain the verdict.   It was said by the Supreme Court, in Schenkel v. Traction Co., 194 Pa. 186: "The power of this court to grant a new trial under the Act of May 20, 1891, P. L. 101, is exceptional in character, and only to be exercised in very clear cases of wrong or injustice which the court below should have remedied."   There is nothing in this case to bring it within that rule.

The judgment is affirmed.