# Ingraham and Ingraham *v.* Philadelphia Rapid Transit Company, Appellant.

*Negligence—Automobiles—Trolley cars — Collision — Contributory negligence—Case for jury.*

In an action of trespass to recover damages for personal injuries, sustained in a collision between defendant's trolley car and plaintiffs' automobile, it appeared that the plaintiff was driving his automobile westerly along the south side of a city street at a speed of about fifteen miles an hour. He passed the street car of defendant, which was moving slowly, and after he had proceeded some distance he looked back and saw that the car was about fifty or sixty feet behind him; he then so changed the position of his automobile that the wheels upon the right side thereof were between the rails of the street car track, and continued to proceed westward at the rate of about fifteen miles an hour. When he had so traveled about

132, (1923).]     Syllabus—Assignment of Error.

a distance of one hundred and fifty feet, the street car struck the right hind wheel of his automobile causing the accident. It was also testified that no bell was rung or warning given of the rapid approach of the car from the rear.

*Held,* that the case was for the jury and a verdict for the plaintiffs will be sustained.

The mere fact that the plaintiff was driving his car on one side of the track did not warrant the court in declaring, as matter of law, that he was guilty of negligence, unless the circumstances were such that he ought to have known that there was danger of the car overtaking him. The plaintiff had the right to presume that the street car would be operated with ordinary care, and his failure to anticipate that no warning would be given of the approach of the car cannot be said to be negligence.

Argued October 4, 1923.     Appeals, Nos. 106 and 107, Oct. T., 1923, from judgments of the Municipal Court of Phila. Co., Nov. T., 1922, No. 650, in favor of the plaintiffs, in the case of Langley Ingraham and Anne Hyde Ingraham v. Philadelphia Rapid Transit Company. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.     Affirmed.

Trespass to recover damages for personal injuries. Before KNOWLES, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff, Anna Hyde Ingraham, in the sum of $1,000 and in favor of Langley Ingraham in the sum of $350 and judgment thereon. Defendant appealed.

*Error assigned,* among others, was refusal of defendant's motion for judgment non obstante veredicto.

*H. Rook Goshorn,* for appellant.

*Swartz & Campbell,* for appellee.

OPINION BY PORTER, J., November 19, 1923:

This is an action of trespass by husband and wife to recover damages for injuries sustained when the automobile in which they were riding was struck from behind by a car of the defendant company moving in the same direction. They recovered judgments in the court below, from which we have these appeals by the defendant. The questions alleged to be involved are: "Was the husband plaintiff, who was driving the automobile, guilty of negligence as matter of law" and "Were the verdicts so excessive that the refusal of the lower court to grant a new trial was an abuse of discretion?"

We must, in disposing of the first question presented, give to the appellees the benefit of any inferences which the jury might lawfully be permitted to draw from the evidence. The defendant company maintains a single track on Walnut Street, upon which cars are operated only in a western direction, that highway being a one-way street. The husband plaintiff was driving his own automobile westerly along the south side of Walnut Street at a speed of about fifteen miles an hour. He passed the street car, which was moving slowly, at Nineteenth Street and after he had proceeded some distance he looked back and saw that the car was about fifty or sixty feet behind him; he then so changed the position of his automobile in the street that the wheels upon the right side thereof were between the rails of the street car track, the automobile was astride the southerly rail of the track, and continued to proceed westward at the rate of fifteen miles an hour, and had so traveled about one hundred and fifty feet when the street car struck the right-hand hind wheel of the automobile, turned that vehicle around and pushed it about thirty-five feet along the track until it came into collision with another automobile which was parked on the northerly side of the street. No bell was rung or warning given of the rapid approach of the street car from the rear. The testimony as to these facts was contradicted, but for

the purpose of disposing of this question we must accept it as true.

This accident did not result from an attempt by the plaintiff to cross the track in front of a rapidly approaching car. The plaintiff was driving in the same direction in which the car was moving and at the time he entered upon the track he was traveling at a greater speed than that of the street car, and the automobile was moving at the rate of fifteen miles an hour. It is not contended that the evidence did not warrant a finding that the street car was negligently operated. Ought the court below to have held, as matter of law, that the plaintiff was negligent in not anticipating that the speed of the street car would be so increased that it would overtake the rapidly moving automobile within one hundred and fifty feet and result in the accident? The automobile was in the plain view of the motorman, during the time that the street car traveled two hundred feet. If the speed of the latter was so greatly increased as to render it evident that it would overtake plaintiff's vehicle, then it was the duty of the motorman to give warning of the approach of the car. The mere fact that the plaintiff was driving with the wheels upon one side of his car between the rails of the track did not warrant the court in declaring as matter of law that he was guilty of negligence, unless the circumstances were such that he ought to have known that there was danger of the car overtaking him: Mortimer v. Beaver Valley Traction Co., 216 Pa. 326; Gordon v. Beaver Valley Traction Co., 247 Pa. 248; Luckenbill v. Ry. Co., 47 Pa. Superior Ct. 121. The plaintiff had a right to presume that the street car would be operated with ordinary care, and his failure to anticipate that no warning would be given of the approach of the car cannot be said to be negligence: Wagner v. Transit Co., 252 Pa. 354; Shields v. Transit Co., 261 Pa. 422. A court is warranted in saying that there was contributory negligence only in clear cases where the facts and inferences to be drawn from them are free

from doubt. In view of all the circumstances, the rate of speed at which the automobile was moving and the distance it was ahead of the street car when the former entered upon the track, we are not convinced that the court below erred in not holding, as matter of law, that the plaintiff was negligent in not anticipating that there was danger that the street car would, without warning, come intò collision with his vehicle.

The amounts of the verdicts in this case were probably fully as large as the plaintiffs were entitled to have, but it does not clearly appear that they were excessive. The injuries to the wife were not solely from nervous shock and fright, for there was an actual physical injury caused by the accident. Whether the results of the injury were exaggerated by the witness was for the jury to determine. The power of the appellate court to grant a new trial is exceptional in character, and is only to be exercised in very clear cases of wrong, which the court below should have remedied. There was evidence sufficient to support the verdict, the credibility of the witnesses was for the jury: McCloskey v. Peterson Motors, Inc., 80 Pa. Superior Ct. 132. The assignments of error are overruled.

The judgments are affirmed.