# Polish Realty Company of Canonsburg *v.* Bonczek, Appellant.

*New trials—Appeals—Action of court below in granting new trial—Verdict against evidence.*

An appellate court will not reverse an order granting a new trial, unless it be clearly shown that the court below was guilty of an abuse of discretion.

When the trial judge stated in his opinion that the verdict was so strongly against the weight of the evidence that it would be shocking to the judicial conscience to allow it to stand, the order of the court granting a new trial will be affirmed.

Argued April 22, 1924. Appeal, No. 162, April T., 1924, by defendant, from judgment of C. P. Washington Co., Feb. T., 1923, No. 228, awarding a new trial in the case of The Polish Realty Company of Canonsburg, Pa., a corporation, v. Ignacz Bonczek. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Assumpsit on lease. Before CUMMINS, J.

The opinion of the Superior Court states the case.

The jury rendered a verdict in favor of defendant. Subsequently the court, on motion, granted a new trial. Defendant appealed.

*Error assigned* was the order of the court.

*David H. Weiner,* for appellant.

*Adolph L. Zeman,* for appellee.

PER CURIAM, May 5, 1924:

The sole question raised by the record is whether the court below was guilty of an abuse of discretion in granting a new trial. The appellate court will not reverse in

Opinion of the Court. [83 Pa. Superior Ct.

such a case unless the abuse is clear: Hess v. Gusdorff, 274 Pa. 123; McCloskey v. Peterson Motors, Inc., 80 Pa. Superior Ct. 132. The reason for the action of the learned trial judge, as stated in his opinion, was that the verdict was so strikingly against the weight of the evidence that it would be shocking to the judicial conscience to permit it to stand. Under all our decisions and those of the Supreme Court such a verdict may not stand. See Maloy v. Rosenbaum Company, 260 Pa. 466, 472. Our examination of the evidence convinces us that the granting of a new trial was a proper exercise of discretion.

The order of the court is affirmed.