## ABBIE WARNER v. PEOPLES' ST.-RAILWAY CO.

**APPEAL BY DEFENDANT FROM THE COURT OF COMMON PLEAS OF LACKAWANNA COUNTY.**

Argued February 23, 1891—Decided April 20, 1891.

1. A street-railway and a person going on foot having each the right of way along a public highway, each is bound to be on the lookout for the other; but, as the railway is necessarily confined to its track, the right thereon of the person on foot is subordinate to that of the railway company.

(a) The plaintiff, in an action for negligence against a street-railway company, testified that, before entering a cut through a snow-drift along the track of the defendant company in which she was run down and injured, she had looked back for the purpose, and saw no car approaching behind her:

2. From the testimony, it was unquestionable that the car which ran her down must have been plainly in sight of her when she entered the cut, a place for unusual caution and vigilance, so that if she looked at all it must have been heedless; she was therefore to be held guilty of contributory negligence, as matter of law.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 83 July Term 1890, Sup. Ct.; court below, No. 262 October Term 1888, C. P.

On July 2, 1888, Abbie Warner, by her next friend, George Warner, brought trespass against the Peoples' Street-Railway Company of Luzerne county, incorporated by the act of March 23, 1865, P. L. (1866) 1199. Issue.

At the trial, on April 14, 1889, testimony was submitted to show that the defendant's road, upon which cars drawn by horses are used, runs between Scranton and Dunmore along one side of the public highway, the other side being generally used as a carriage- and foot-way; that on March 16, 1888, a severe snow storm occurred, and a drift had formed along the car track near Scranton, from two feet deep in some places, to two feet and a half in others, and extending a distance of about one half a usual city block; that on March 17th, the railway

company had shoveled out a way along its track through the drift, not more than wide enough for the passage of its cars; that, in the afternoon of that day, the plaintiff, about eighteen years of age, passing from Scranton towards Dunmore, approached the cut through the drift, to enter it along the street-car track as the better way for walking.

The plaintiff testified that before she entered the cut she looked back and could see no car approaching; but, on the part of the defendant, there was testimony that a car could have been seen for a distance of from a quarter to half a mile from the point from which the plaintiff said she had looked. The plaintiff testified, further, that shortly after she entered the cut she was overtaken by a car, driven very rapidly, when she stepped off the track against the bank of snow; that the horses and front end of the car passed her, but she was struck by the rear end, thrown beneath the wheels, and injured. On the part of the defendant there was testimony that the car approached the cut, with bells on the horses, slowly up an ascending grade, until at or near the mouth of the cut where there was a switch, and that the driver was watching for a broken rail at the switch, and did not see the plaintiff until the horses reached the point where she had stepped aside.

At the close of the testimony, the court, CONNOLLY, J., after stating the facts disclosed, charged the jury in part as follows:

Now, gentlemen of the jury, we will say to you in the out set, as a matter of law, that this plaintiff had a right to travel upon the line of that street-car track. She had no right to travel there for the purpose of obstructing the business of the company. But in so walking, she was obliged to use ordinary care and vigilance; she must not be negligent in so doing. The company has certain rights over that street which are granted to them by the power of this state. Their charter, which was granted in 1865, gives them the right to use and occupy all streets that they may see fit to select between Scranton and Dunmore, selecting such route as they please between Scranton and Dunmore, for the purpose of conveying freight and passengers. Now, this was rather an extraordinary state of affairs that existed at this particular time. This lady encountered a snow-drift and slush in the street, and she sought

the street-car track for the purpose of avoiding it. Under these circumstances, the company's agents must have known the condition that the streets were in, and that the road was liable to be and frequently was traveled by passengers, and they should have exercised a little more than ordinary care, under such circumstances, in looking out for them. Be that as it may, we say to you, as a matter of law, that if this plaintiff was in any manner, in any degree guilty of contributory negligence, she cannot recover in this case. . . . . .

The counsel for the plaintiff request us to charge you as follows:

1. If the jury believe the driver of the car saw the plaintiff, or ought by the exercise of ordinary vigilance to have seen her, in time to arrest the accident, he was guilty of negligence, and the plaintiff is entitled to recover if she exercised ordinary care in going upon and walking along the street-car track.

Answer: Without any hesitancy we affirm this point.[1]

The defendant has also requested us to charge you:

1. That under the charter of the defendant, it has all the rights in the conveyance of passengers and freight conferred on railroad companies by the general railroad law of 1849.

Answer: This point we affirm.

2. That, under all the evidence, the verdict must be for the defendant.

Answer: As already stated to you, gentlemen of the jury, in our general charge, we leave it as a question of fact to you, whether or not there was any negligence on the part of this plaintiff. If you find from the evidence that there was no negligence on her part, then we could not affirm this point. If there was negligence on her part,—if you do find there was negligence on her part, then this point we should have to affirm, but as drawn, and under the circumstances, we will have to leave it as a matter of fact to you to find whether or not there was contributory negligence on her part. As the point is drawn, we refuse to affirm it.[2]

4. That, it being the undisputed evidence that the car could have been seen from a quarter to a half a mile in the direction in which it was approaching, from the entrance of the drift, it was the duty of the plaintiff to look out for a car before placing herself in a place of danger, and if she did not she was guilty of contributory negligence.

Charge of Court below.

Answer: We leave this also, gentlemen of the jury, as a matter of fact to be found by you, and under the evidence in the case, there being some doubt about some of the facts, we will refuse to affirm this point.[3]

5. That it will not do for the plaintiff to say that she did look for the car and did not see it, when her own witnesses all agree that the car could have been seen for a distance from a quarter to a half a mile from the point where the injury occurred.

Answer: Under the facts in the case, we refuse to affirm this point, but leave it to you as a question of fact.[4]

6. That while the rights of passenger-railway companies, generally, are not exclusive upon their tracks, yet, under the charter of the defendant, foot passengers have no right to walk upon its tracks except at crossings, so as to interfere with the lawful use of the same by the company, when, as in this case, the evidence shows there was sufficient room outside of the same for the free and full passage of all travelers on foot as well as with vehicles.

Answer: This track is laid upon a public highway, and when the highway becomes obstructed or impassable, the public have a right to use this in common with the defendant company, but have no right to obstruct it any more than is possible under the ordinary use of the same. Under the facts of this case, we refuse to affirm this point, and leave it to you as a fact to find.[5]

7. That the mere fact that the defendant had removed the snow from its tracks so as to permit the free use of its cars, does not give persons on foot the right to use the same so as to interfere with the lawful use of the same by the defendant, so long as there is sufficient way for passage, even though the same may not be quite as convenient.

Answer : This point we affirm.

—The jury returned a verdict in favor of the plaintiff for $1,050. Judgment having been entered, the defendant took this appeal, assigning for error:

1. The answer to the plaintiff's point.[1]

2–5. The answers to the defendant's points.[2 to 5]

Mr. W. H. Jessup (with him Mr. W. H. Jessup, Jr., and Mr. Horace E. Hand), for the appellant.

Opinion of the Court.

As to the rights and duties of pedestrians upon the tracks of street railways, counsel cited: Wynn v. Allard, 5 W. & S. 524; Adolph v. Railway Co., 76 N. Y. 530; Thomas v. Railway Co., 132 Pa. 504; Jatho v. Railway Co., 4 Phila. 26; Hegan v. Railroad Co., 15 N. Y. 380; Whitaker v. Railroad Co., 57 N. Y. 295. That, under the testimony, the plaintiff was guilty of contributory negligence: Buzby v. Traction Co., 126 Pa. 559; Pittsb. S. Ry. Co. v. Taylor, 104 Pa. 306; Patton v. Traction Co., 132 Pa. 76; Forker v. Sandy Lake Bor., 130 Pa. 123; Carroll v. Railroad Co., 12 W. N. 348; s. c. 2 Penny. 159; Penna. R. Co. v. Mooney, 126 Pa. 251.

*Mr. Samuel B. Price* (with him *Mr. J. W. Carpenter*), for the appellee:

Counsel cited: Bolton v. Colder, 1 W. 364; Shear. & Redf. on Negl., § 314; Kay v. Railroad Co., 65 Pa. 273; Taylor v. Canal Co., 113 Pa. 162; Howard Exp. Co. v. Wile, 64 Pa. 201; Cit. Ry. Co. v. Foxley, 107 Pa. 539; Thomas v. Railway Co., 132 Pa. 514.

OPINION, MR. JUSTICE MITCHELL:

The place of the accident was in the public road, where both parties had a right to be, and where each, therefore, was bound to be on the lookout for the other: Schmidt v. McGill, 120 Pa. 405. But the right of the defendant's cars was superior. They were confined to the track, and on that they had the right of way, to which the use by other parties, on foot or otherwise, was of necessity subordinate. The plaintiff, on the other hand, could use the whole road, and which part of it she took was merely a matter of convenience. That defendant in clearing its track from snow for the passage of its cars had made it also more convenient for plaintiff to walk on, could not be turned to its disadvantage, or enlarge the plaintiff's rights over that part of the public road. They were still subordinate to defendant's right of way: Jatho v. Railway Co., 4 Phila. 24; Thomas v. Railway Co., 132 Pa. 504; Adolph v. Railway Co., 76 N. Y. 530.

These being the respective rights of the parties, the plaintiff came to a point on the road where the defendant's track ran through a snow-drift, for a distance estimated by plaintiff her-

Opinion of the Court.

self at half a block, where the snow had been removed from the track, leaving a passage just wide enough for the cars, with vertical walls of snow two or two and a half feet in height. It was plainly a place of danger for a foot passenger, in case a car should reach it, and therefore a place for unusual caution and vigilance. But the rest of the road was, as plaintiff testified, ankle deep in snow and slush, and plaintiff took the more dangerous, but more comfortable way. She says she looked just before she went into the cut, to see if there was . a car behind her, and saw none. But on this, the pivotal point of the case, the uncontradicted evidence is overwhelmingly against her. The drift was at the top of a hill or rise, from which there was an unobstructed view in the direction from which the car was coming, fixed by plaintiff's own witnesses at quarter to half a mile, and up this hill the car came at a moderate speed, with bells that could be heard for forty rods. Yet plaintiff herself says she had got but a little way into the passage before the car came upon her. It is unquestionable that the car must have been plainly in sight at the time she entered this dangerous path, and if she looked at all it must have been a mere heedless glance, which all the evidence shows was not an adequate performance of the duty the situation required. The case belongs clearly to the class of Carroll v. Railroad Co., 12 W. N. 348, and required the court to pronounce plaintiff negligent as matter of law. The defendant's second point should have been affirmed.

. As this point is conclusive of the case, it is not necessary to discuss the others.

Judgment reversed.