Lizzie Gilmartin v. The Lackawanna Valley Rapid Transit Co., Appellant.

*Negligence—Street railway companies—Right to use streets—Walking on tracks—Contributory negligence.*

While city passenger railway companies have not an exclusive right to the use of the parts of the streets occupied by their tracks, they have a right of way and a right to an unobstructed track for the passage of their cars. In the use of their tracks their rights are superior to those of the public. The convenience of the individual in the use of the part of the

street to which the cars are confined must give way to the convenience of the public who use the cars.

A woman is not entitled to recover damages from a street railway company for personal injuries sustained while walking longitudinally along the tracks, where it appears that she was familiar with the neighborhood, and where she testified that she walked between the tracks for her own convenience, looking back for a car which she knew was coming, but which she could not hear by reason of the noise caused by a train passing over an overhead bridge, and that she knew the danger she was in.

Argued Feb. 21, 1898. Appeal, No. 53, Jan. T., 1898, by defendant, from judgment of C. P. Lackawanna Co., Nov. T., 1895, No. 161, on verdict for plaintiff. Before STERRETT, C. J., GREEN, WILLIAMS, MITCHELL, DEAN and FELL, JJ. Reversed.

Trespass for personal injuries. Before GUNSTER, J.

The facts appear by the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $7,550. Defendant appealed.

*Error assigned* among others was in submitting the case to the jury.

*W. H. Jessup*, with him *W. H. Jessup, Jr.*, for appellant, cited on the question of contributory negligence: Tunney v. Carnegie, 146 Pa. 618 ; Warner v. Ry., 141 Pa. 615; R. R. v. Aspell, 23 Pa. 147 ; Forker v. Sandy Lake Borough, 130 Pa. 127 ; Ham v. D. & H. C. Co., 155 Pa. 548; R. R. v. Houston, 95 U. S. 697; N. Y., Lake Erie & Western R. R. v. Enches, 127 Pa. 316; Carroll v. R. R., 2 Penny. 159; Marland v. R. R., 123 Pa. 487 ; Moore v. R. R., 108 Pa. 349; Bell v. R. R., 122 Pa. 58; Holden v. R. R., 169 Pa. 1; Winter v. Federal St., etc., Ry., 153 Pa. 26 ; Carson v. Federal St., etc., Ry., 147 Pa. 219; Ehrisman v. Harrisburg Ry., 150 Pa. 183; Nugent v. Phila. Trac. Co., 181 Pa. 160.

*John P. Kelly*, of *O'Brien & Kelly*, with him *James J. O'Neill*, for appellee, cited Ehrisman v. Ry., 150 Pa. 180 ; Gilmore v. Pass. Ry., 153 Pa. 31; Gibbons v. Ry., 155 Pa. 279 ; Warner v. Ry., 141 Pa. 615; Booth on Street Railway Law, sec. 313 · Christman v. R. R., 141 Pa. 614.

OPINION BY MR. JUSTICE FELL, May 16, 1898 :

While city passenger railway companies have not an exclusive right to the use of the parts of the streets occupied by their tracks, they have a right of way and a right to an unobstructed track for the passage of their cars. In the use of their tracks their rights are superior to those of the public. The convenience of the individual in the use of the part of the street to which the cars are confined must give way to the convenience of the public who use the cars : Thomas v. Ry. Co., 132 Pa. 504; Warner v. Ry. Co., 141 Pa. 615 ; Ehrisman v. Ry. Co., 150 Pa. 180. The use of electricity as a motive power by street railway companies has greatly increased the danger to those who drive or walk on city streets. Many uses of streets which were formerly comparatively safe are now extremely dangerous. Of the increased danger all persons who use the streets must take notice, and a high degree of watchfulness and care is required of them : Winter v. Ry. Co., 153 Pa. 26 ; Reber v. Traction Co., 179 Pa. 339. In Winter v. Ry. Co., supra, a driver who in unloading a wagon at night unnecessarily placed his horses across the tracks of an electric railway at a point where there was a descending grade was held to have been guilty of contributory negligence. In Gilmore v. Ry. Co., 153 Pa. 31, a driver who at night left his horse and wagon standing on the tracks of an electric railway in a narrow and unlighted alley was not allowed to recover because of his contributory negligence. In that case the negligence of the motorman in running the car too rapidly clearly appeared. In Warner v. Ry. Co., supra, the plaintiff was walking on a public road and came to a place where there was a snowdrift. The snow had been removed from the railway tracks, making a passageway wide enough for the cars. She walked in this passageway and was run down by a car whose driver could have seen her if he had looked. It was held that she could not recover, because of her negligence in placing herself in a position of danger. The case before us cannot be distinguished in principle from those cited, and it shows on the part of the plaintiff a most reckless disregard of her safety in voluntarily remaining in a place of known and unusual danger.

The cars of the defendant company ran both ways on a single track, with turn-outs, in a city street. The plaintiff lived on the street, and was entirely familiar with all the surroundings, and

with the manner in which the cars were operated. Returning to her home at night she chose to walk on the track because the surface there was hard and smooth, and the carriage way was dusty, and the sidewalks uneven in places. A few minutes before the accident she met a car which was switched on the turn-out to allow a car coming in the opposite direction to pass. She knew that a car was coming behind her, and frequently looked back to see whether it was near her. She testified : " I looked back every second, because I knew the car was coming . . . . I walked just at a medium gait. . . . I was watching for the car going south, and I knew the danger I was in." She was struck by the car when she was within four doors of her home. The track behind her was straight, and her view of an approaching car was unobstructed for two hundred feet. The night was not dark, and the car was an open one, lighted by seven incandescent lights. An electric arc street light was within twenty-five feet of the place, and lighted the street so effectually that her sister who was with her observed some dirt between the rails, and stepped to one side to avoid it, and thus escaped injury. A heavily loaded coal train drawn by three engines was passing over an iron bridge which crossed the street a short distance in front of her. This train made so much noise that she was fearful that she could not hear the sound of the approaching street car. The only direct testimony as to the speed of the car was that it was running with the current off at the rate of four miles an hour. This testimony is unaffected except by the testimony of a woman, who was a passenger, that the car was running unusually fast and " teetered up and down," so that she was obliged to hold fast to the seat. The motorman did not see the plaintiff until she was struck, and he stopped the car within its length. It appeared that the headlight was not burning, and that the gong was defective, and did not always ring.

· The case was tried for the plaintiff on the theory that she had a right to walk on the track longitudinally, and that if she was vigilant in watching for the approach of a car she had done her whole duty. This view was adopted by the learned trial judge, who in his charge said : " If she used such care in looking back, in looking ahead of her and in looking behind her, in listening, under the circumstances of the case as a reasonably prudent person would have done, she would not be guilty of negli-

gence." A reasonably prudent person would not under the circumstances have been on the track, and she was guilty of negligence in being there. Her right to use the track was subordinate to that of the company. With the whole street open to her she undertook to walk on the track, solely for her own convenience. She persisted in doing so after she knew that a car was coming behind her, and that she could not hear its approach. Fully conscious of her peril, she voluntarily and needlessly remained in a place of unusual danger, taking the chance of reaching her home before she was overtaken by the car, or of seeing it in time to step off the track.

The judgment is reversed, and it is now ordered that judgment be entered for the defendant.