| 201 | 247 |
| e206 | 360 |
| 201 | 247 |
| d216 | 330 |

## Penman, Appellant, *v.* McKeesport, Duquesne & Wilmerding Railway.

*Negligence—Street railways—Contributory negligence—Nonsuit.*

In an action against a street railway company to recover damages for personal injuries, a nonsuit is properly entered where it appears that the plaintiff while walking at night on the south track of the railway, was struck by a car coming from behind him; that the north track was laid close to a wall; that the portion of the street between the tracks, and also that portion adjacent to the wall was unpaved; that the portion of the street from the south track to the south curb was paved, but was in a muddy condition; that the plaintiff walked upon the south track to avoid the mud; that the locality was well lighted, and that the plaintiff was familiar with it.

Argued Oct. 29, 1901. Appeal, No. 45, Oct. T., 1901, by plaintiff, from order of C. P. No. 3, Allegheny Co., Nov. T., 1899, No. 416, refusing to take off nonsuit in case of Peter Penman v. McKeesport, Duquesne & Wilmerding Railway, Before McCollum, C. J., Mitchell, Dean, Fell, Brown, Mestrezat and Potter, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before Kennedy, P. J.

At the trial the court entered a compulsory nonsuit which it subsequently refused to take off, Kennedy, P. J., filing the following opinion:

The plaintiff, living in the borough of Duquesne, was returning to his home at night, in the month of January, 1899, and at a point on Duquesne avenue, near his home, he was run down and injured by an electric car of the defendant company, coming from behind him, on its south-bound track. At the place of the accident the street or avenue was a wide one, on

the north side of which there was a wall built for its support or retention. Near to this wall was laid the north-bound track of the defendant company, and a short distance further therefrom the south-bound track, and from that track to the south curb the street was paved and used for all kinds of hauling and travel; the portion of the street so paved being wide, convenient and sufficient for such use. The portion of the street between the tracks, and also that portion adjacent to the wall, was unpaved. Foot passengers had been, for some time before the accident, using the top of the wall mentioned for passage there, but just at that time the north-bound track was torn up, and some material piled on the top of the wall, rendering it inconvenient for foot passengers, and they used, at least to some extent, the south-bound track of the defendant company, the paved portion of the street being muddy from the hauling thereon, and the crumbling down of the bank on that side. The plaintiff was proceeding up the street, the locality and its surroundings being well known to him, the place well lighted at the time, and he being able to see down the track (which was straight and unobstructed), and behind him for a distance of upwards of 200 feet, walking upon the south-bound track, for the reason, as he says, that the top of the wall was obstructed, and the paved portion of the street was muddy. He says further that he looked back several times, the last time just before he was struck; and the testimony tends to show that the bell on the car was not rung until just about the time he was struck, and that the motorman was looking back in the car at the time. It was plainly a place of danger for the plaintiff, a foot passenger, voluntarily chosen by him to avoid the inconvenience arising from the muddy condition of the paved portion of the street, wherein he could have walked with perfect safety. A reasonably prudent person would not, under the circumstances, have walked on the track, and in doing so the plaintiff failed in the performance of his duty, in other words, was guilty of negligence. We think this case is ruled by Gilmartin v. Lackawanna Valley Rapid Transit Co., 186 Pa. 193, and Warner v. Peoples' St. Railway Company, 141 Pa. 615, and the motion to take off the nonsuit is refused.

The rule to show cause why the judgment of nonsuit should not be taken off is discharged.

*Error assigned* was refusal to take off nonsuit.

*John S. Robb,* for appellant, cited: Greeley v. Federal St. & Pleasant Val. Pass. Ry. Co., 153 Pa. 218; Kay v. Penna. R. R. Co., 65 Pa. 269; Whalen v. Chicago, etc., Ry. Co., 75 Wis. 654; 44 N. W. Repr. 849; Thatcher v. Central Traction Co., 166 Pa. 66; Penna. R. R. Co. v. Ogier, 35 Pa. 60; Reeves v. Delaware, etc., R. R. Co., 39 Pa. 454.

*William S. Dazell,* of *Dazell, Scott & Gordon,* for appellee, was not heard.

PER CURIAM, January 6, 1902:

The learned court below directed a judgment of compulsory nonsuit and refused to take off the same. The direction was based on contributory negligence of the plaintiff which appears to be in accord with Gilmartin v. Lackawanna Valley Rapid Transit Co., 186 Pa. 193, and Warner v. Peoples' St. Railway Company, 141 Pa. 615. The testimony in the case clearly showed the negligence of the plaintiff and fully justified the action of the court in directing the nonsuit and refusing to set it aside. The opinion prepared and filed by Judge KENNEDY furnished a satisfactory explanation and justification of his refusal to reinstate the plaintiff when it was apparent that he had no cause of action.

Judgment of nonsuit affirmed.