# Falco, Appellant, v. Allegheny Valley Street Railway Company.

*Negligence—Street railways—Walking on tracks—Contributory negligence—Nonsuit.*

Where a person walks on the tracks of an electric railway, on a highway, where there is a clear space on the side, and does not look back to see if a car is coming, although there is proof that he had an unobstructed view backwards of from 1,200 to 1,300 feet, and a car from behind, with gong sounding, strikes him before the motorman, who had applied the brakes, could stop it, he cannot recover for his injuries.

Argued October 12, 1920. Appeal, No. 100, Oct. T., 1920, by plaintiff, from order of C. P. Allegheny Co., July T., 1919, No. 2084, refusing to take off nonsuit, in case of Louis Falco v. Allegheny Valley Street Railway Co. Before Brown, C. J., Frazer, Walling, Simpson and Kephart, JJ. Affirmed.

Trespass for personal injuries. Before Brown, J.
The opinion of the Supreme Court states the facts.

The court entered a compulsory nonsuit, which it subsequently refused to take off.   Plaintiff appealed.

*Error assigned* was order refusing to take off nonsuit, quoting it.

*Robert R. Elder,* for appellant.

*William A. Challener,* with him *David I. McCahill* and *Clarence Burleigh,* for appellee.

PER CURIAM, December 31, 1920:

A public highway runs from the Borough of Springdale to Bouquet Station in Allegheny County, and on the south side of it there is a railway track of the defendant company.   Adjoining this track there is a clear space on the highway of twenty feet for the travelling public.   The plaintiff, while walking westwardly upon the railway track, was struck by a car of the defendant coming from the east.   One of his witnesses testified that he saw the accident; that at the point where the car struck him there was an unobstructed view to the east of from 1,200 to 1,300 feet, and that, from the time he saw the plaintiff walking westwardly along the track, the latter never looked back to see if a car was coming.   Another witness, a passenger in the car, testified that when he first observed the plaintiff on the car track the car was from 500 to 600 feet away; that although the motorman kept sounding his gong, the plaintiff never turned around nor looked back to see if a car was approaching; that as the car approached him the motorman applied his brakes, but too late to prevent the injury.   On the foregoing state of facts the majority of the court are of opinion that the nonsuit was properly entered under Warner v. Peoples Street Railway Company, 141 Pa. 615.

Judgment affirmed.