## Sipko *v.* Pennsylvania Railroad Co., Appellant.

Argued September 28, 1938. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Robert D. Dalzell,* of *Dalzell, McFall & Pringle,* for appellant.

*Lawrence B. Cook,* for appellee.

OPINION BY MR. JUSTICE MAXEY, December 5, 1938:

Defendant has appealed from the refusal of its motion for judgment n. o. v., its contention being that the court below should have denied recovery because the facts admitted by plaintiff convicted him of contributory negligence as a matter of law. One of the three judges who heard the motion dissented from the order of the court below overruling it. The jury returned a verdict for plaintiff in the sum of $5,000, which was subsequently reduced to $3,000. Plaintiff's injuries, aside from some superficial bruises and lacerations, consisted of a slight concussion of the brain, a tilting forward of the fifth lumbar vertebra, and a slight separation of both sacro-iliac joints.

Plaintiff was struck and injured by the appellant railroad company's freight cars, along a switching tract laid flush with the paving on Pike Street in the City of Pittsburgh. This street is a broad paved thoroughfare running east and west, bordered by commercial and manufacturing establishments. Appellant's switching tracks parallel both sides of the road, which is about 40 feet in width. The track upon which the accident occurred lies in the roadway on its southern edge. Because of the commercial character of the district, there are no sidewalks, and, although the street is much used by heavy traffic, pedestrians necessarily use it.

On July 22, 1935, plaintiff was walking west along the south side of Pike Street, from 16th Street towards

15th Street. When he reached a point not far from 15th Street and either in or close to the track, he stopped to talk with a friend. They both faced east, watching traffic and looking towards the bridge which carries traffic across Pike Street at 16th Street. A minute or two later, so plaintiff testified, he was struck from behind by the first of two boxcars moving east on appellant's switching track. The force of the blow threw plaintiff to the ground and knocked him unconscious. A passing motorist rendered first aid and took him to a hospital.

Plaintiff testified that he was familiar with the locality, having lived near by for five years, that he knew the street was heavily traveled by traffic of every description, that he was fully aware of the railroad tracks and of the fact that freight cars were customarily moved over them, and he identified a photograph of the scene of the accident, pointing out a spot close to the track where he was standing at the very moment of his injury, which conclusively showed that cars approaching on the track from the west could be plainly seen for a distance of a quarter of a mile or more by anyone who looked. The only evidence of the speed of the freight cars, which were unattached to any locomotive and hence moved only by the force of their own momentum, was the testimony of plaintiff's witness that they were moving a little faster than a man would walk.

The appellee in his brief considers the case as though the only issue involved was the negligence of appellant in permitting the cars to move along on the siding without the presence of an attendant to control them and without warning of their approach. Conceding that the jury could and did find appellant guilty of negligence, we are of the opinion that plaintiff's recovery of damages must be denied because of his contributory negligence. The decision relied upon by the court below, *Callahan v. Penna. R. R. Co.*, 68 Pa. Superior Ct. 465, was upon a state of facts so dissimilar to those here present as to make that decision inapposite. In that

case the plaintiff was driving a horse along a paved street in which were laid three tracks of the defendant railroad, and was struck by a locomotive tender operated by defendant which gave no warning of its approach. There was no evidence that the plaintiff should not, in the exercise of due care, have been driving the horse in close proximity to the track along which the locomotive traveled, or that he could have proceeded with greater caution under the circumstances. Furthermore, as the Superior Court said in its opinion: "It is in evidence and not controverted that the engineer in charge of the locomotive saw Callahan some distance ahead of the tender and knew that he was driving close to the rails on which the locomotive was moving."

Here the plaintiff, who was not visible to defendant's employees, chose to stand talking with a friend for an appreciable length of time with his back to the approaching danger, thus being wholly inattentive to his surroundings and devoid of caution. If he had looked even casually he could not have failed to observe the approaching cars in time to step aside and avoid all harm. He preferred to walk in or near appellant's track, when he could just as easily have walked or stood in another part of the street where it was impossible for the accident to occur. No doubt the plaintiff is not chargeable with negligence in merely walking in the street, which both he and appellant were entitled to use. But, as was said in *Warner v. Peoples' St. Ry. Co.*, 141 Pa. 615, 619, 21 A. 737: "The right of the defendant's cars was superior. They were confined to the track, and on that they had the right of way, to which the use by other parties, on foot or otherwise, was of necessity subordinate. The plaintiff, on the other hand, could use the whole road, and which part of it [he] took was merely a matter of convenience." In that case plaintiff's negligence was held a bar to recovery. Similar decisions where the same result was reached are: *Penman v. McKeesport, D. & W. Ry.*, 201 Pa. 247, 50 A. 973; *Gilmartin v. Lackawanna*

110

*Valley R. T. Co.,* 186 Pa. 193, 40 A. 322; and *Falco v. Allegheny Valley Street Ry. Co.,* 269 Pa. 51, 112 A. 40.

In the present case, plaintiff voluntarily assumed a hazard and was injured in consequence thereof. His ignoring of the dictates of elementary caution bars his recovery. See *Weiner v. P. R. T. Co.,* 310 Pa. 415, 165 A. 252; *Bass v. Pa. R. R. Co.,* 303 Pa. 382, 154 A. 714; *Kilgallen v. P. R. T. Co.,* 300 Pa. 451, 150 A. 746; *Bardis v. Phila. & Reading Ry.,* 267 Pa. 352, 109 A. 621; *McLaughlin v. American Ice Co.,* 100 Pa. Superior Ct. 216; *Rothweiler v. P. R. T. Co.,* 93 Pa. Superior Ct. 369. In the *Bass Case,* supra, we denied recovery where deceased was struck by a train while standing on defendant's track, his attention diverted while inspecting an overhead bridge. Referring to his contributory negligence, Mr. Justice SCHAFFER said: "Furthermore, there was no occasion for the deceased to stand where he did on the rail of the track. He could have stood elsewhere. When he decided to occupy the place which he selected, he was bound to know that it was one of peril to him and to safeguard himself by observation. A turn of his head, taking but an instant of time, would enable his eyes to sweep the track in both directions to see whether there was any oncoming train. The one that struck him he could have observed from the time it was 553 feet away from him. He could not put himself in peril by standing on the rail and making no observations to guard against the imminent danger from moving trains on the track and cast the blame for his inattention on the railroad company. He was at all times within a step of safety."

The ruling in *Bardis v. Phila. & Reading Ry. Co.,* supra, was the same, where the present Chief Justice commented as follows on the plaintiff's negligent conduct: "Plaintiff was not engaged in work upon the track, nor close to it, nor was he doing anything that necessitated his close attention to the track. There was no necessity for him to assume the position that he did; his mind

was not so absorbed that he could not properly take care of himself, or look where he was going or where he was standing. . . . He could have looked and listened and could either have seen or heard the car approaching. In any event, it would have taken but the fraction of a second to have stepped out of its road. . . . In thus assuming a place of danger he is presumed to know the consequences of his act. By the simple movement of his head, or the slightest attention to the circumstances surrounding him, he would have been warned to move. There can be no escape from the conclusion that he was guilty of contributory negligence."

The foregoing decisions rule this case.

The judgment of the court below is reversed, and judgment n. o. v. is here entered for defendant.