Hinton, Appellant, *v.* Pittsburgh Railways Company.

Argued March 23, 1948. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Nathan M. Katz*, for appellant.

*Con F. McGregor*, for appellee.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, May 24, 1948:

This is an appeal from the decision of the Superior Court, reversing the judgment on a verdict in favor of plaintiff in a negligence action. The single question is whether plaintiff, *as a matter of law*, was guilty of contributory negligence, justifying the entry of a judgment for defendant *non obstante veredicto*.

Reading the testimony in the light most advantageous to the plaintiff, and resolving all conflicts and drawing all reasonable inferences therefrom in his favor, as the court is required to do on a motion for judgment n. o. v. (*Scholl, Admrx., v. Philadelphia Suburban Transportation Company*, 356 Pa. 217, 219, 51 A. 2d 732; *Phillips v. Philadelphia Transportation Company et al.*, 358 Pa. 265, 266, 56 A. 2d 225), the facts are as follows: Plaintiff, a wholesale distributor for the Pittsburgh Courier newspaper, was proceeding in his automobile in a southerly direction from Aliquippa to his home in Pittsburgh, along the Neville Road on Neville Island, Allegheny County, on June 23, 1944, at 5.40 a. m. Neville Road is a straight level concrete highway fifty feet in width, with a concrete curb in the center two feet wide, dividing the North bound from the South bound traffic. Running along the outside edge of each side of the highway is a set of tracks imbedded in a slag roadway upon which street cars of the defendant are operated. It had been raining very hard. Plaintiff straddled the street car track, the left wheels of his automobile being on the

concrete and the right wheels on the slag, so that he could see the road more clearly and obtain more traction to prevent skidding. Dawn was breaking, the rain had ceased, but it was semi-dark and damp. As plaintiff was driving in this position at a speed of about 35 miles per hour, his motor stalled. Plaintiff continued to feed gas to the engine in an effort to start it. The car finally came to a complete stop. When it stopped the right wheels of the automobile were still straddling the left track with the left wheels of the automobile on the concrete highway. The two red taillights were lit as were the two front headlights of his car. At the point where the automobile stalled, the road was straight for a distance of three quarters of a mile to the rear of the vehicle. When the automobile came to a stop plaintiff got out of his car, raised the hood and tried to locate the trouble in the coil and wires. Being unsuccessful, he closed the hood and looked back along the car tracks to see if anything was coming. Seeing no lights or hearing no sound of a bell or any other warning, he got back into his car and attempted to find the trouble in the ignition wires under the dashboard. While in this position his automobile was struck in the rear by defendant's street car with a blow which carried the automobile forward about 100 feet, throwing plaintiff over into the back seat. Plaintiff suffered personal injuries. His automobile was damaged. Plaintiff's headlights and taillights remained burning (with the exception of the taillight on the side of the car straddling the track) after the collision. The entire operation from the time plaintiff raised the hood of the motor to the time the accident occurred lasted only three to four minutes.

The court below ruled that under these facts the question of the negligence of the defendant and the contributory negligence of the plaintiff *was for the jury*. The Superior Court, however, decided that plaintiff was guilty of contributory negligence *as a matter of law* which barred a recovery. This appeal followed.

In *Ashcraft v. C. G. Hussey and Company*, 359 Pa. 129, Mr. Justice DREW said, p. 132: "It has long been the established law in this Commonwealth that contributory negligence may be declared as a matter of law only when it is so clearly revealed that fair and reasonable persons cannot disagree as to its existence: *Keiser v. P. T. C.*, 356 Pa. 366, 51 A. 2d 715; *Carden v. Phila. Transp. Co.*, 351 Pa. 407, 41 A. 2d 667."

See also: *Caulton v. Eyre & Co., Inc.*, 330 Pa. 385, 390, 199 A. 136; *Rea v. Pittsburgh Railways Company*, 344 Pa. 421, 423, 25 A. 2d 730; *Phillips v. Philadelphia Transportation Company et al.*, 358 Pa. 265, 269, 56 A. 2d 225; *Shaffer v. Torrens*, 359 Pa. 187.

We are therefore required to examine the evidence. If the contributory negligence of plaintiff is so clear that there is no room for a difference of opinion among reasonable persons, a judgment for defendant n. o. v. must be entered. If otherwise, the question of contributory negligence is for the jury.

Plaintiff in driving his car straddling the track of the defendant street car company *was not negligent per se.* Street cars do not have the *exclusive* use of that part of the public street on which their tracks are laid. It was said by Justice MITCHELL in *Abbie Warner v. Peoples' St.-Railway Co.*, 141 Pa. 615, 619, 21 A. 737, that: "The place of the accident was in the public road, where both parties had a right to be, and where each, therefore, was bound to be on the lookout for the other. . . . But the right of the defendant's cars was superior. . . . The plaintiff . . . could use the whole road, and which part of it she took *was merely a matter of convenience* . . ." (emphasis supplied).

See also: *Ruthberg et ux. v. Philadelphia Rapid Transit Co. et al.*, 300 Pa. 536, 539, 151 A. 19; *Sipko v. Pennsylvania Railroad Co.*, 332 Pa. 106, 2 A. 2d 717; *Scholl, Admrx., v. Philadelphia Suburban Transportation Company*, 356 Pa. 217, 221, 51 A. 2d 732; *Perry, Administrator, et al. v. Pittsburgh Railways Company*,

357 Pa. 608, 55 A. 2d 354; *Kelly v. Philadelphia Transportation Co.*, 146 Pa. Superior Ct. 445, 447, 23 A. 2d 57. Although the defendant street car company had a superior right to the use of the road occupied by its tracks, it was the duty of the motorman to keep a constant lookout ahead, and to have such control of his car as to avoid dangers ordinarily incident to its operation, and also to avoid such unusual and unexpected dangers as he saw in time to avoid: *Tatarewicz v. United Traction Company*, 220 Pa. 560, 69 A. 995; *Hamley v. Pittsburgh Railways Company*, 345 Pa. 380, 384, 28 A. 2d 911; *Scholl, Admrx., v. Philadelphia Suburban Transportation Company*, 356 Pa. 217, 51 A. 2d 732.

Plaintiff was stopped on defendant's tracks by circumstances beyond his control. When his motor stalled and his vehicle continued to drift along, he attempted to start the motor again while the car was moving under its own momentum. The fact that the automobile came to a dead stop without plaintiff attempting to guide it off the tracks to the concrete portion of the highway was not such action as could be classified as contributory negligence *as a matter of law*. Plaintiff could have reasonably anticipated that his stalled vehicle, with red taillights and headlights burning, would have been seen by a motorman approaching over a straight road of three quarters of a mile to his rear.

Neither was plaintiff's act of returning to the car after it remained stalled contributory negligence. The testimony reveals that he looked to the rear before getting back into the car and saw no lights of an approaching street car, nor did he hear a bell or warning of any kind. His head and taillights were burning as a warning to an approaching motorman. It is extremely doubtful whether any signal by voice or hand would have given the motorman greater knowledge of plaintiff's hazardous position.

Defendant's negligence and plaintiff's contributory negligence were clearly for the jury. *The jury by its*

*verdict exculpated the plaintiff from any contributory negligence.*

The Superior Court seeks to distinguish *Mead v. Central Pennsylvania Traction Company*, 63 Pa. Superior Ct. 76; *McPherson v. Philadelphia Transit Co.*, 85 Pa. Superior Ct. 275; and *Estep v. Beaver Valley Traction Co.*, 278 Pa. 414, 123 A. 323,—cases relied on by the lower court in allowing the case to go to the jury—on the ground that those cases involved situations where the plaintiffs were on the tracks *of necessity* whereas in the present case, plaintiff was on the tracks *for his own convenience.* No such distinction can be made. As stated in *Abbie Warner v. Peoples' St.-Railway Co.*, 141 Pa. 615, 21 A. 737, cited supra, the *plaintiff*, as well as the defendant, had a right to use the road whereon the street car tracks were located, even as "a matter of *convenience*".

The judgment is reversed and the case remitted to the court of common pleas to enter judgment on the verdict.