## Winterhalter v. Bell Telephone Co.

Before McNaugher, Ellenbogen and O'Brien, JJ.

*Samuel J. Goldstein*, for plaintiff.

*Richard B. Tucker, Jr.*, and *Patterson, Crawford, Arensberg & Dunn*, for defendant.

ELLENBOGEN, J., July 10, 1950.—This case is before the court en banc on motion for judgment n. o. v. ex parte defendant and motion for new trial ex parte plaintiff.

On the motion for judgment n. o. v. we must consider the evidence in the light most favorable to plaintiff and draw all reasonable inferences in favor of plaintiff which may be drawn from the evidence: Hinton v. Pittsburgh Railways Company, 359 Pa. 381.

When we read the evidence in that light, it is clear that the motion for judgment n. o. v. must be refused.

It appears that on January 26, 1948, at about 1:30 p.m., plaintiff was walking on Sherman Avenue, in the City of Pittsburgh. While crossing Eloise Street, he tripped over a telephone wire which had been stretched

across the intersection and was lying on the surface of the street.

The motion for judgment n. o. v. is based on three contentions: First, that plaintiff failed to prove negligence on the part of defendant; second, that plaintiff failed to prove that defendant's negligence if any, was the proximate cause of the accident, and third, that plaintiff was guilty of contributory negligence.

None of the contentions require extended argument. Stretching a telephone wire across an intersection, without notice or warning to pedestrians, is negligence. The fact that the wire was lying flat on the ground and about as thick as a paper match does not absolve defendant from the duty to warn pedestrians of the presence of the wire.

Plaintiff testified that something hit his feet which caused him to be lifted into the air and to fall to the ground; when plaintiff arose from the street, an employe of the telephone company asked him, "Didn't you see this wire?", and called his attention to the telephone wire stretched across the intersection. It was at that time that plaintiff for the first time saw the wire. Later on plaintiff testified that the employe of the telephone company said to him, "Didn't you see us pulling this wire?". The testimony was for the jury, and the inference that it was the wire that caused plaintiff to trip and fall is a reasonable one. The negligence of defendant and the question of proximate cause was for the jury.

The testimony was to the effect that this wire was a thin black wire lying on a black asphalt pavement. Whether under these peculiar facts, plaintiff should have seen the wire was for the jury.

The motion for judgment n. o. v. ex parte defendant will be refused.

The verdict is for $920.61, of which $500 appears to be for pain and suffering. While the verdict is small

and possibly even inadequate, it is not such as would cause us to order a new trial.

The motion for a new trial, filed ex parte plaintiff, is refused.