Betty L. SLATER and Harley D. Slater, her husband, Plaintiffs,

v.

ERIE LACKAWANNA RAILWAY COMPANY, a corporation, Defendant.

Civ. A. No. 68–520.

United States District Court
W. D. Pennsylvania.

Oct. 18, 1968.

William S. Schweers, Pittsburgh, Pa., for plaintiffs.

Gary F. Sharlock, Pittsburgh, Pa., for defendant.

## OPINION

WEBER, District Judge.

■ This is a diversity action to recover damages for personal injuries suffered by the wife-plaintiff, Betty L. Slater, in a grade crossing accident in Greenville, Pennsylvania. Wife-plaintiff was the owner of the automobile involved in the accident. She claims that as a result of the accident she has suffered a loss of memory of the details of the accident, as well as prior events. She claims the presumption of due care in her favor on the question of her contributory negligence. In such circumstances she is entitled to the same presumption as that accorded a decedent. Kmetz v. Lochiatto, 421 Pa. 363, 219 A.2d 588 [1966]:

"[This presumption in a railroad crossing accident] includes * * * the concept of stopping, looking and listening before entering on the tracks; it includes the concept of proceeding with care, the concept that decedent obeyed whatever warning signals were visible or audible, and that he moved within the proper speed limits. Every rule that one can conceive which is designed to preserve and protect human life is presumed to have been respected by the decedent." Keasey v. Pittsburgh & Lake Erie R. R. Co., 404 Pa. 63, 170 A.2d 328 [1961].

The plaintiff has no evidence to explain how she happened to be in the automobile which was standing on the rail-

road tracks at the crossing in Greenville, Pennsylvania, at approximately 3 a. m. There is no evidence to explain how long she was in that position prior to the arrival of defendant's train. The only witnesses to any relevant event are the three members of the defendant's train crew who saw the automobile at the crossing when the train first came into its view, from 700 feet away. Before the train reached a point 500 feet from the crossing they realized that the automobile was "fouling the tracks" in that its front wheels were located midway between the rails. The brakes were applied at this point, but it was impossible to stop the train before the collision. They could not determine if there was a person in the automobile but shortly before the collision they saw something lying on the front seat of the right side of the automobile.

At the pretrial conference it was established that the plaintiff has no evidence of any physical condition of the grade crossing which contributed to plaintiff's stopping or stalling on the tracks, no evidence that the lights of the locomotive were not lit, nor that the whistle was not blowing, nor its bell not ringing, nor that the crossing lights at the street crossing were not operating. There is no evidence that the train was operating at any different or unusual speed than its regular time table speed for passing through the town of Greenville.

Defendant has moved for summary judgment on the grounds that the pleadings, the interrogatories, the depositions of all known witnesses, and the pretrial record shows that there is no evidence of negligence on the part of the defendant and further that such evidence reveals that the plaintiff was guilty of contributory negligence as a matter of law.

Plaintiff argues that she should not be bound by the testimony of the only eyewitnesses since they are employees of defendant railroad and that their credibility should remain a question for the jury. Plaintiff further argues that a variance between the estimates of the witnesses of the distance within which the train was finally stopped raises an inference for the jury's consideration that the train crew did not act quickly enough to apply the brakes after seeing the plaintiff's automobile in a position of peril and thus were guilty of negligence or even wanton negligence.

Even if the plaintiff would not be bound by the testimony of an employee of the railroad called in the plaintiff's own case, Johnson v. Baltimore & O. R. R. Co., 208 F.2d 633 [3d Cir., 1953], nevertheless, the witnesses in question are the only witnesses by which plaintiff can establish a prima facie case and furthermore the testimony of these witnesses as recorded in their depositions stands uncontradicted by any evidence which the plaintiff can offer.

While plaintiff argues that he is not bound by the testimony of the defendant railroad's employees, even though he calls them as his own witnesses, this is not a complete statement of the law as we understand it. A party is bound by the testimony of his own witnesses where it is not contradicted or impeached by other evidence. Evans v. Philadelphia Transportation Co., 418 Pa. 567, 212 A.2d 440 [1965]. He may explain it or contradict it in the interest of truth. In re Komfo Products Corp., 247 F.Supp. 229 [E.D.Pa., 1965]. He may modify expert opinion with the qualifications placed thereon by another expert. Kendrick v. Piper Aircraft Corp., 265 F.2d 482 [3rd Cir., 1959]. In Johnson v. Baltimore & O. R. R. Co., cit. supra, in discussing the many illogical applications of the strict rule, Judge Goodrich cited with approval the proposed Model Code of Evidence of the American Law Institute, Rule 106:

"For the purpose of impairing or supporting the credibility of a witness, any party including the party calling him may examine him and introduce extrinsic evidence concerning any conduct by him and any other matter relevant upon the issue of his credibility as a witness."

The "bizarre and unusual circumstances" recited by the Court in *Johnson* are sufficient explanation for the exception there made to the rule that a party is bound by the testimony of his own witnesses. These exceptions include those instances where there is conflicting evidence, where the testimony is inherently improbable, or where testimony is based upon a mere guess. In this case none of these factors are present.

In this case plaintiff must rely upon the only witnesses to the accident to prove a prima facie case. Plaintiff has no other evidence to contradict their testimony.

> "Plaintiff has the burden of establishing his case by direct or circumstantial evidence; that burden is not met by pointing to the fact that all the available witnesses are hostile and will not testify in a manner which would support the complaint." Eckenrode v. Pennsylvania R. R. Co., 164 F.2d 996, p. 999, f.n. 8 [3rd Cir., 1946].

Despite the admitted lack of evidence of defendant's negligence, Plaintiff argues that he is entitled to have the issue of the witnesses' credibility submitted to the jury in the light of the deposition testimony of one witness that he estimated the actual stopping distance of the train greatly in excess of that of the other witnesses. Plaintiff argues from this that a permissible inference arises that the brakes were not applied in time, or perhaps not even until the collision. Even with such an inference we cannot see how the plaintiff can prevail, because there is no evidence that application of the brakes at any time after the train came in view of the automobile would have avoided hitting the automobile, or have allowed it to clear the crossing.

■ However, we do not believe it necessary to decide the present motion on the basis of no genuine issue as to any material fact of negligence on defendant's part. We have before us a case which we believe establishes contributory negligence of plaintiff as a matter of law. The negligence of the plaintiff, however slight, which contributed to the accident in the slightest degree, will bar plaintiff's claim.

■ The evidence is undisputed that plaintiff remained on the railroad tracks for an indefinite period of time prior to the collision. She was in this position before the approach of the train and remained in this position during the time that its signals were audible and visible. From the beginning of railroading the railroad track has been recognized as a place of peril. The right of the defendant railroad to operate its cars and locomotives thereon is superior to the right of those passing over because the railroad trains are confined to the track. The duty of the railroad is to give adequate warning of the approach of its trains and there is no evidence in this case that it failed to do so. There is no evidence in this case to contradict the conclusion that plaintiff voluntarily assumed the hazard and was injured in consequence thereof. Her ignoring of the dictates of elementary caution bars her recovery. Sipko v. Pennsylvania R. R. Co., 332 Pa. 106, 2 A.2d 717 [1938]. As was stated in Bass v. Pennsylvania R. R. Co., 303 Pa. 382, 154 A. 714 [1931]:

> "Furthermore, there was no occasion for the deceased to stand where he did on the rail of the track. * * * He could not put himself in peril by standing on the rail and making no observations to guard against the imminent danger from moving trains on the track and cast the blame for his inattention on the railroad company."

In Bardis v. Philadelphia & Reading Ry. Co., 267 Pa. 352, 109 A. 621 [1920], the Court said:

> "In thus assuming a place of danger he is presumed to know the consequences of his act. By the simple movement of his head, or the slightest attention to the circumstances surrounding him, he would have been warned to move. There can be no escape from the conclusion that he was guilty of contributory negligence."

Plaintiff relies upon the presumption of due care. However, this presumption does not replace evidence. It gives way the moment proof to the contrary is presented. Heath v. Klosterman, 343 Pa. 501, 23 A.2d 209 [1941]. A presumption is a legal rule or a legal conclusion and is not evidence. Watkins v. Prudential Life Insurance Co., 315 Pa. 497, 173 A. 644, 95 A.L.R. 869 [1934]. This presumption is insufficient to carry a case to the jury where there is uncontradicted evidence of plaintiff's fault in the plaintiff's own evidence. Schiavoni Adm'r v. Honus Wagner Co., 396 F.2d 757 [3d Cir., 1968]; Allison v. Snelling & Snelling, Inc., 425 Pa. 519, 229 A.2d 861 [1967]; Rank v. Metropolitan Edison Co., 370 Pa. 107, 87 A.2d 198, 55 A.L.R.2d 119 [1952].

The presumption of due care "is overcome, so as to render the question of contributory negligence a matter of law, only where undisputed testimony and the inferences drawn from it point to only one conclusion." Grgona v. Rushton, 174 Pa. Super. 417, 101 A.2d 768 [1953].

"[The presumption of due care] is conclusively rebutted when the facts as to the occurrence of the accident prove that the decedent could not have performed his legal duty to stop, look, and listen before attempting crossing. Ray v. Lehigh Valley R. R. Co., 321 Pa. 538, 184 A. 445 [1936].

Even if the plaintiff had stopped, looked and listened before driving on the track she was required to continue to look and listen as she crossed, and not remain on the tracks. Valera v. Reading Co., 349 Pa. 123, 36 A.2d 644 [1944]; Hawk v. Pennsylvania R. R. Co., 307 Pa. 214, 160 A. 862 [1932].

"Appellant's theory that the presumption of Hague's exercise of due care entitled her to have the issue of contributory negligence submitted to the jury assumes that the presumption is to be accepted as evidence, contradicting the actual evidence that Hague was negligent. * * *

* * * (citations omitted).

"These decisions make it clear that in Pennsylvania a presumption is not considered as evidence, but its function is the placing of the burden of proof. When the party having the burden adduces evidence contrary to the presumption, the presumption has served its purpose and does not remain as evidence." Johnstone Adm'rx v. Reading Co. 248 F.2d 71, 74 [3rd Cir., 1957].

One final consideration must be tested. Plaintiff argues that any contributory negligence of plaintiff would be overcome by a finding of wilful and wanton negligence on the part of the railroad. Again plaintiff points to no evidence that he is able to produce to support a contention of wilful and wanton negligence, but raises a question of credibility of witnesses. Again, plaintiff must rely on the testimony of the railroad employees. We believe that before he can attack their credibility he must show the existence of some evidence on which their testimony can be impeached. We not only find no support for any inference of wanton negligence in the testimony of the three railroad men, but their testimony does not even support any allegation of simple negligence on the part of the railroad or its employees.

Furthermore, were there any basis for a finding of wanton negligence by reason of failure to apply brakes in time to avoid one in a position of peril, there is no evidence to contradict a conclusion that plaintiff was guilty of negligence of the same degree of wantonness.

We find the plaintiff Betty L. Slater guilty of contributory negligence as a matter of law.

### ORDER

And now October 18, 1968, this matter having come before the Court on Defendant's Motion for Summary Judg-

**6**

ment, and from an examination of the pleadings, discovery proceedings, pretrial proceedings, and affidavits and exhibits in support of such Motion filed by Defendant, we are of the opinion that there is no genuine issue of material fact as to the question of plaintiff's contributory negligence, and that plaintiff is guilty as a matter of law of contributory negligence which bars recovery.

Therefore, Defendant's Motion for Summary Judgment is granted, and Judgment is hereby directed for Defendant.